[Cite as *State v. Myers*, 2012-Ohio-5917.]

IN THE COURT OF APPEALS FOR CHAMPAIGN COUNTY, OHIO

STATE OF OHIO                              :

    Plaintiff-Appellee                 :          C.A. CASE NO.    2011 CA 36

v.                                         :          T.C. NO.    09CR29

RENE R. MYERS                              :          (Criminal appeal from
                                                      Common Pleas Court)

    Defendant-Appellant                :

                                           :

· · · · · · · · · ·

# **O P I N I O N**

Rendered on the    14th    day of     December    , 2012.

· · · · · · · · · ·

NICK A. SELVAGGIO, Atty. Reg. No. 0055607, Prosecuting Attorney, 200 N. Main Street, Urbana, Ohio 43078
    Attorney for Plaintiff-Appellee

BARBARA A. LAHMANN, Atty. Reg. No. 0039156, 65 Tahlequah Trail, Springboro, Ohio 45066
    Attorney for Defendant-Appellant

· · · · · · · · · ·

FROELICH, J.

{¶ 1}     Rene R. Myers appeals from a judgment of the Champaign County Court of

Common Pleas, which required her to pay the court costs of her community control revocation proceedings upon terminating Myers's community control and returning her to prison. Myers claims that the trial court erred in ordering her to pay court costs without telling her of that requirement at her revocation/sentencing hearing, that the court failed to consider her ability to pay court costs, and that the court improperly imposed court-appointed counsel fees.

I.

{¶ 2} In 2009, Myers pled guilty to one count of illegal distribution of a dangerous drug. The court sentenced her to three years of community control, which included a requirement that she successfully complete a program at the West Central Community-Based Correctional Facility. Myers subsequently violated her community control. In January 2011, the court determined that she was not amenable to community control, and it ordered her to serve 18 months in prison.

{¶ 3} After approximately three months in prison, Myers sought judicial release. In April 2011, the court granted judicial release and extended Myers's community control to five years. (This decision was memorialized in a journal entry dated May 11, 2011.) In November 2011, Myers was notified that she had violated her community control in August 2011 by stealing merchandise from Wal-Mart, failing to notify her supervising officer of police contact, and associating with an individual with a criminal background. In a separate notice, Myers was also accused of violating her community control in October 2011 by driving under suspension. At the November 2011 dispositional hearing, Myers admitted to three of the alleged violations. The trial court revoked her community control and ordered

her to serve the 18-month sentence. The court did not orally inform Myers that she would be required to pay the costs of the revocation proceedings.

{¶ 4} In its judgment entry, the trial court included a requirement that Myers pay the costs of the community control violation proceedings. The judgment entry stated:

> Defendant shall pay the costs of the community control violation proceedings.
>
> The Court found from the information presented that Defendant is not indigent for costs, fine and restitution payment purposes and Defendant is employable after release from custody. If Defendant fails to pay as ordered the Court may order community service and community service will apply as a credit to the costs judgment.

{¶ 5} Myers appeals from the trial court's judgment.

## II.

{¶ 6} In a single assignment of error, Myers claims that the trial court erred in ordering her to pay court costs in three respects. First, she argues that the trial court erred in imposing court costs in the judgment entry without first orally advising her of that requirement at the sentencing hearing. Second, she contends that the trial court failed to consider her ability to pay those costs. Third, Myers asserts that the court lacked the authority to require her to pay court-appointed counsel costs as a sanction for her criminal conviction.

{¶ 7} Myers first claims that the trial court erred in including court costs in the judgment entry without first notifying her, at sentencing, that costs would be imposed.

{¶ 8} Under R.C. 2947.23, a trial court is required to impose court costs against

all convicted defendants, even those who are indigent. *See State v. White*, 103 Ohio St.3d 580, 2004-Ohio-5989, 817 N.E.2d 393, ¶ 8. "[A]lthough costs in criminal cases are assessed at sentencing and are included in the sentencing entry, costs are not punishment, but are more akin to a civil judgment for money." *State v. Threatt*, 108 Ohio St.3d 277, 2006-Ohio-905, 843 N.E.2d 164, ¶ 15. A trial court may waive the payment of costs, but an indigent defendant must move for such waiver at sentencing. *State v. Joseph*, 125 Ohio St.3d 76, 2010-Ohio-954, 926 N.E.2d 278, ¶ 11-12.

{¶ 9} In *Joseph*, the Ohio Supreme Court made clear that the trial court must orally notify a defendant at sentencing that the court is imposing court costs. *Id.* at ¶ 22, citing Crim.R. 43(A) (a defendant must be present at every stage of his or her trial, including sentencing). Citing *Joseph*, the State acknowledges that "[t]he imposition of costs in a judgment entry without having first pronounced those costs in open court violates the defendant's Crim.R. 43(A) right to be present at sentencing." The State concedes that the trial court's failure to mention costs at Myers's November 2011 sentencing was error.

{¶ 10} We agree that Myers's first issue has merit. Accordingly, this matter must be remanded to the trial court to allow Myers the opportunity to seek a waiver of the payment of court costs.

{¶ 11} Myers next contends that the trial court should have considered her ability to pay before imposing costs. R.C. 2929.19(B)(6) requires the trial court to consider the defendant's present and future ability to pay before imposing any financial sanction under R.C. 2929.18. *State v. Twitty*, 2d Dist. Montgomery No. 24296, 2011-Ohio-4725, ¶ 23. Financial sanctions include, for example, restitution, fines, and reimbursement of the costs

of community control sanctions, confinement, or monitoring devices. R.C. 2929.18.

{¶ 12} Court costs, which are governed by R.C. 2947.23, are not financial sanctions. *State v. Smith*, 3d Dist. Allen No. 1-07-32, 2007-Ohio-6552, ¶ 11. Consequently, R.C. 2929.19 is inapplicable to court costs, and the trial court need not consider a defendant's ability to pay under R.C. 2929.19 prior to imposing such costs. *E.g*, *id.; Columbus v. Kiner*, 10th Dist. Franklin No. 11AP-543, 2011-Ohio-6462. Although the trial court was not required to consider Myers's ability to pay before imposing costs, Myers may seek a waiver of the payment of court costs due to indigency upon remand.

{¶ 13} Finally, Myers contends that the trial court erred in ordering her to pay court-appointed counsel fees as part of her criminal sanctions.

{¶ 14} Myers was informed prior to the appointment of her attorney that she would be "required to pay back the cost of the legal services." However, nothing in the record demonstrates that Myers was ultimately required to pay attorney fees. She was not told at sentencing that the court was assessing the cost of her court-appointed counsel, and court-appointed counsel fees were not included in the termination entry. Court-appointed counsel fees are not assessed as a portion of court costs. R.C. 120.33(A)(4) ("The fees and expenses approved by the court shall not be taxed as part of the costs * * *."); R.C. 2941.51(D) (same).

{¶ 15} A trial court speaks through its journal entries. *E.g.*, *State v. Boles*, 2d Dist. Montgomery No. 23037, 2011-Ohio-3720, ¶ 34, citing *Hairston v. Seidner*, 88 Ohio St.3d 57, 58, 723 N.E.2d 575 (2000). The termination entry reflects that Myers was not ordered to pay court-appointed counsel fees as part of her sentence. Myers's third issue is

without merit.

{¶ 16}    Myers's assignment of error is sustained in part and overruled in part.

III.

{¶ 17}    The portion of the trial court's judgment imposing court costs will be reversed, and the matter will be remanded to the trial court for resentencing on the issue of court costs only, so that Myers has the opportunity to move the trial court for waiver of the payment of those costs.   In all other respects, the judgment will be affirmed.

. . . . . . . . . .

FAIN, J. and DONOVAN, J., concur.

Copies mailed to:

Nick A. Selvaggio
Barbara A. Lahmann
Hon. Roger B. Wilson