[Cite as *State v. Hudson*, 2014-Ohio-1977.]

IN THE COURT OF APPEALS FOR CLARK COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| Plaintiff-Appellee | : | C.A. CASE NO.    2011 CA 100 |
| v. | : | T.C. NO.    07CR926 |
| RAYSHAUN HUDSON | : | (Criminal appeal from Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

· · · · · · · · · ·

# O P I N I O N

Rendered on the _____9th_____ day of _____May_____, 2014.

· · · · · · · · · ·

LISA M. FANNIN, Atty. Reg. No. 0082337, Assistant Prosecuting Attorney, 50 E. Columbia St., 4th Floor, P.O. Box 1608, Springfield, OH 45501
        Attorney for Plaintiff-Appellee

JOE CLOUD, Atty. Reg. No. 0040301, 3973 Dayton-Xenia Road, Beavercreek, Ohio 45432
        Attorney for Defendant-Appellant

· · · · · · · · · · · ·

FROELICH, P.J.

{¶ 1}    In this reopened direct appeal, Rayshaun Hudson appeals from his sentence for two counts of felonious assault, two counts of tampering with evidence, one count of possession of drugs, one count of possession of criminal tools, and one count of failure to comply with an order or signal of a police officer.   Hudson claims that the trial court erred by

failing to notify him at sentencing that he would be required to pay court-appointed counsel fees and by failing to inquire whether he had the means to pay those fees. The State concedes error.

{¶ 2} For the following reasons, the trial court's judgment will be reversed to the extent that it requires Hudson to pay court-appointed counsel fees, and the matter will be remanded for resentencing on that issue. In all other respects, the trial court's judgment will be affirmed, as previously modified.

I.

{¶ 3} Hudson was convicted after a jury trial of the above offenses, and the trial court sentenced him to an aggregate term of 42 years in prison. At sentencing, the court did not mention court costs or court-appointed counsel fees, and the court's original judgment entry, filed on December 23, 2008, did not include a requirement that Hudson pay court costs or court-appointed counsel fees. On April 15, 2009, the court filed an amended judgment entry, which stated: "Defendant is ORDERED to pay all costs of prosecution, Court appointed counsel costs, and any fees permitted pursuant to law."

{¶ 4} Hudson appealed from his convictions, claiming that (1) the trial court abused its discretion in denying him a continuance of the trial, (2) the trial court erred in sentencing him for firearm specifications in connection with each felonious assault, (3) his conviction for tampering with evidence was against the manifest weight of the evidence, and (4) the trial court erred in failing to merge the felonious assault charges as allied offenses of similar import. We affirmed Hudson's convictions.[1] *State v. Hudson*, 2013-Ohio-2351, 993

---

[1] A majority of this Court concluded that the tampering with evidence conviction was against the manifest weight of the evidence.

N.E.2d 443 (2d Dist.).

{¶ 5}     In July and August of 2013, Hudson sought to reopen his direct appeal, claiming that his appellate counsel rendered ineffective assistance by failing to raise seven claims on appeal, including the trial court's imposition of court-appointed counsel fees.   On September 23, 2013, we ruled that Hudson's direct appeal would be reopened for the limited purpose of allowing him to raise the trial court's requirement that he pay court-appointed counsel fees.   In addition, we modified Hudson's sentence to remove the possibility that he be required to perform community service should he fail to pay court costs.   In all other respects, we overruled Hudson's motion to reopen his direct appeal.

{¶ 6}     Hudson's supplemental assignment of error states: "The trial court erred as a matter of law by failing to notify the Defendant at sentencing that he would be required to pay court appointed counsel fees, or to orally inquire if he had the means to pay them."

{¶ 7}     R.C. 2941.51(D) states that appointed counsel fees "shall not be taxed as part of the costs and shall be paid by the county."   *See also State v. Myers*, 2d Dist. Champaign No. 2011 CA 36, 2012-Ohio-5917, ¶ 14.   It further provides that "if the person represented has, or reasonably may be expected to have, the means to meet some part of the cost of the services rendered to the person, the person shall pay the county an amount that the person reasonably can be expected to pay."   *Id.*

{¶ 8}     The State concedes, and we agree, that the trial court erred when it ordered Hudson to pay court-appointed counsel fees without notifying him of that requirement at

_____

However, because this Court was not unanimous, Hudson's conviction for tampering with evidence could not be reversed.   Ohio Constitution, Article IV, Section 3(B)(3).

sentencing and determining Hudson's ability to pay those fees. The appropriate remedy for these errors is to remand for a determination of Hudson's financial ability to pay his court-appointed counsel fees. *E.g.*, *State v. Miller*, 9th Dist. Lorain Nos. 10CA009922, 10CA009915, 2012-Ohio-1263, ¶ 96, quoting *State v. Warner*, 9th Dist. No. 96CA6534, 2001 WL 1155698, *4 (Sept. 21, 2001); *State v. Durham*, 2013-Ohio-4764, 999 N.E.2d 1233, ¶ 50 (12th Dist.); *State v. Williams*, 2013-Ohio-726, 987 N.E.2d 322, ¶ 50 (6th Dist.).

{¶ 9}     Hudson's assignment of error is sustained.

## II.

{¶ 10}  The trial court's judgment will be reversed to the extent that it requires Hudson to pay court-appointed counsel fees, and the matter will be remanded for resentencing on that issue. In all other respects, the trial court's judgment will be affirmed, as previously modified.[2]

. . . . . . . . . .

FAIN, J. and DONOVAN, J., concur.

Copies mailed to:

Lisa M. Fannin
Joe Cloud
Hon. Douglas M. Rastatter

---

[2]    Upon remand, the trial court's judgment entry should reflect the modification that Hudson cannot be required to perform community service should he fail to pay court costs.