[Cite as *State v. Hudson*, 2015-Ohio-194.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## CLARK COUNTY

STATE OF OHIO

      Plaintiff-Appellee

v.

RAYSHAUN HUDSON

      Defendant-Appellant


Appellate Case No.    2014-CA-82

Trial Court Case No.   2007-CR-926


(Criminal Appeal from
 Common Pleas Court)

. . . . . . . . . . .

# O P I N I O N

Rendered on the 23rd day of January, 2015.

. . . . . . . . . .

RYAN A. SAUNDERS, Atty. Reg. No. 0091678, Assistant Clark County Prosecuting Attorney, 50 East Columbia Street, Fourth Floor, Springfield, Ohio 45502
      Attorney for Plaintiff-Appellee

RAYSHAUN HUDSON, Inmate No. 599-781, Chillicothe Correctional Institution, P.O. Box 5500, Chillicothe, Ohio 45601
      Defendant-Appellant-Pro Se

. . . . . . . . . . . .

WELBAUM, J.

{¶ 1}   In this case, Defendant-Appellant, Rayshaun Hudson, appeals pro se from a trial court order denying Hudson's motion to waive court costs and appointed counsel fees.  In support of his appeal, Hudson contends that the trial court erred by denying his motion without determining his ability to pay.

{¶ 2}   The State has filed a brief conceding error on the part of the trial court. We agree that the trial court erred in denying Hudson's motion.  Accordingly, the judgment of the trial court will be reversed and this cause will be remanded for further proceedings.

I.   Facts and Course of Proceedings.

{¶ 3}   Hudson was initially convicted in December 2008 of two counts of felonious assault, two counts of tampering with evidence, one count of possession of drugs, one count of possession of criminal tools, one count of harassment with a bodily substance, and one count of failure to comply with an order or signal of a police officer, and was sentenced to an aggregate term of 42 years in prison.  *State v. Hudson*, 2013-Ohio-2351, 993 N.E.2d 443, ¶ 114 (2d Dist.). We affirmed Hudson's conviction in June 2013.  *Id.* at ¶ 57.

{¶ 4}   We subsequently granted Hudson's motion to reopen his direct appeal, for the limited purpose of raising a supplemental assignment of error related to the trial court's imposition of court-appointed counsel fees.  *State v. Hudson*, 2d Dist. Clark No.  2011 CA 100, 2014-Ohio-1977, ¶ 5.   In that appeal, the State conceded, and we agreed, "that the trial court erred when it ordered Hudson to pay court-appointed counsel fees without notifying him of that

requirement at sentencing and determining Hudson's ability to pay those fees." *Id.* at ¶ 8. We noted, citing cases from three different districts, that "[t]he appropriate remedy for these errors is to remand for a determination of Hudson's financial ability to pay his court-appointed counsel fees." *Id.* We, therefore, sustained the assignment of error and remanded the matter to the trial court for resentencing on that issue. *Id.* at ¶ 9-10.

{¶ 5} Our decision was issued on May 14, 2014. On June 2, Hudson filed a motion to waive court-costs and court-appointed counsel fees based on his lack of financial ability to pay fees. Hudson also filed an affidavit, indicating that he is indigent and earns only $18.00 per month which covers his hygiene, medical co-pay, and medications.

{¶ 6} Without holding a hearing or resentencing Hudson as directed by our opinion of May 14, 2014, the trial court overruled Hudson's motion in one-line in an entry filed on June 13, 2014. Hudson timely appealed from the entry denying him relief.

## II. Error in Imposing Judgment on Fees

{¶ 7} Hudson's sole assignment of error states that:

The Trial Court Erred When It Did Not Waive Court Costs/or Court-Appointed Counsel Fees.

{¶ 8} Under this assignment of error, Hudson contends, and the State agrees, that the trial court erred in failing to determine whether Hudson had the ability to pay appointed counsel costs. The State also concedes that "there is no record in the transcript or journal entries that Appellant appeared in person for the Amended Judgment Entry of Conviction for the court to orally inform him that court appointed fees were being assessed, and whether or not Appellant

had the ability to pay them; or that he was provided an opportunity to seek a waiver of fees." State's Brief, p. 2.

{¶ 9} We noted in our prior opinion that:

R.C. 2941.51(D) states that *appointed counsel fees "shall not be taxed as part of the costs and shall be paid by the county."* See also *State v. Myers*, 2d Dist. Champaign No. 2011 CA 36, 2012–Ohio–5917, ¶ 14. It further provides that "*if the person represented has, or reasonably may be expected to have, the means to meet some part of the cost of the services rendered to the person*, the person shall pay the county an amount that the person reasonably can be expected to pay." *Id.*

(Emphasis added.) *Hudson*, 2d Dist. Clark No. 2011 CA 100, 2014-Ohio-1977, at ¶ 7.

{¶ 10} The use of the word "if" means that assessment of fees is not automatic. One of the cases referenced in our prior opinion was *State v. Miller*, 9th Dist. Lorain Nos. 10CA009922, 10CA009915, 2012-Ohio-1263. *See Hudson* at ¶ 8. In *Miller*, the court stated that:

"R.C. 2947.23 mandates that the trial court assess the cost of prosecution against a convicted criminal defendant." *State v. Payne*, 9th Dist. No. 21178, 2003-Ohio-1140, ¶ 15. Yet, a trial court *must orally inform a defendant of his obligation to pay costs at the time of sentencing so as to give the defendant an opportunity to claim indigency and seek a waiver of payment*. *State v. Joseph*, 125 Ohio St.3d 76, 2010-Ohio-954, ¶ 22. Similarly, R.C. 2941.51(D) allows a trial court to order a defendant to pay some or all of his court-appointed attorney fees,

*but only after finding that the defendant is financially capable of doing so. State v. Marrero, 9th Dist. No. 10CA009867, 2011-Ohio-3745, ¶ 20. A trial court commits reversible error when it imposes costs or attorney fees against a defendant in the absence of such a notification. Joseph at ¶ 22; State v. Warner, 9th Dist. No. 96CA006534, 2001 WL 1155698, \* 3-4 (Sept. 21, 2001). The appropriate remedy for such an error as to costs is a "remand \* \* \* to the trial court for the limited purpose of allowing [the defendant] to move the court for a waiver of the payment of court costs." Stallworth, 2011-Ohio-4492, at ¶ 32, quoting Joseph at ¶ 23. As to an error in the imposition of attorney fees, the appropriate remedy is a remand for "a determination of [the defendant's] financial ability to pay for his court-appointed counsel." Warner at \* 4.*

(Emphasis added.) *Miller* at ¶ 96.

{¶ 11}    If the trial court's one-line entry was intended as a determination of Hudson's ability to pay attorney fees, it was clearly in error, because the only evidence before the court indicated that Hudson was indigent and had no ability to pay attorney fees.

{¶ 12}    Accordingly, Hudson's sole assignment of error is sustained.

{¶ 13}    As a final matter, we note that Hudson has asked that we assign a new judge, alleging that the trial judge cannot be impartial. We have no authority to review the issue of the trial judge's alleged bias and prejudice. *See, e.g., State v. Osie*, 140 Ohio St.3d 131, 2014-Ohio-2966, 16 N.E.3d 588, ¶ 62–65 and *State v. Cook*, 2d Dist. Champaign No. 2013 CA 22, 2014-Ohio-3165, ¶ 13-14.

### III.   Conclusion

**{¶ 14}**    Hudson's sole assignment of error having been sustained, the judgment of the trial court is reversed, and this cause is remanded for further proceedings.

. . . . . . . . . . . . .

FROELICH, P.J. and FAIN, J., concur.

Copies mailed to:

Ryan A. Saunders
Rayshaun Hudson
Hon. Douglas M. Rastatter