OPINION
{¶ 1} Plaintiff-appellant the State of Ohio appeals from the dismissal of an indictment charging defendant-appellee Donald G. Netzley with one count of *Page 2 
Endangering Children. That indictment charged that Netzley "did Administer corporal punishment or other physical disciplinary measure, which punishment, discipline, or restraint is excessive under the circumstances and creates a substantial risk of serious physical harm to the child; to a child under eighteen years of age," in violation of R.C. 2919.22(B)(3).
 {¶ 2} The indictment, as quoted above, makes out an offense under the words of the statute, R.C. 2919.22(B)(3).
 {¶ 3} Netzley moved to dismiss the indictment, contending that he was "charged with spanking a 2 year old child, leaving a bruise on his buttocks. There are no other allegations of physical abuse. There are no other reports or allegations of harm to the child in this case. There are no allegations that Defendant's alleged behavior created a substantial risk of serious physical [harm]. Therefore, based on the Ohio statutory and case law cited above, the charge in this case should be dismissed."
 {¶ 4} Curiously, Netzley had previously filed a written plea of guilty in this case, but there is nothing in the record to reflect that his plea of guilty was ever accepted by the trial court, and counsel was appointed for Netzley after the date his written guilty plea was filed.
 {¶ 5} The trial court set a hearing on the motion to dismiss, at which evidence was taken. The trial court granted the motion and dismissed the indictment, holding that the State had failed to produce any testimony of serious physical harm to the victim. The trial court concluded with the observation: "While the Court is constrained to grant the Defendant's motion due to the failure of proof at the hearing, the Defendant's victory may merely be a Pyrrhic one since the State may again indict the Defendant." *Page 3 
 {¶ 6} The State appeals from the dismissal of the indictment, contending that while the sufficiency of an indictment — that is, whether its allegations make out an offense — may be tested by a pre-trial motion to dismiss, the issue of whether there is sufficient evidence to prove the allegations in the indictment may only be tested at trial. The State cites State v. O'Neal (1996), 114 Ohio App.3d 335;State v. Patterson (1989), 63 Ohio App.3d 91; State v. Varner (1991),81 Ohio App.3d 85; State v. Heebsh (1992), 85 Ohio App.3d 551; andState v. Tipton (1999), 135 Ohio App.3d 227, appeal not allowed,88 Ohio St.3d 1416, in support of this proposition.
 {¶ 7} Commendably, Netzley's counsel, in his answer brief, confesses error in this regard. We agree. Whether there is sufficient evidence to convict on an indictment — that is, to persuade the finder of fact of all of the essential elements of the offense beyond reasonable doubt — requires the trial of the indictment to determine; there is no pre-trial mechanism for this purpose.
 {¶ 8} The State's sole assignment of error is sustained. The order of the trial court dismissing the indictment is Reversed, and this cause is Remanded for further proceedings consistent with this opinion.
BROGAN and DONOVAN, JJ., concur.
Copies mailed to:
Richard M. Howell
Timothy L. Upton
 Hon. Jonathan P. Hein *Page 1