[Cite as *State v. Huber*, 2014-Ohio-2095.]

IN THE COURT OF APPEALS FOR CLARK COUNTY, OHIO

STATE OF OHIO                                        :

       Plaintiff-Appellee                      :            C.A. CASE NO.    2013 CA 16

v.                                                           :            T.C. NO.    05CR458

JOSEPH HUBER, JR.                             :            (Criminal appeal from
                                                                        Common Pleas Court)

       Defendant-Appellant                   :

                                                             :

. . . . . . . . . .

# O P I N I O N

Rendered on the ____16th____ day of _____May_____, 2014.

. . . . . . . . . .

LISA M. FANNIN, Atty. Reg. No. 0082337, Assistant Prosecuting Attorney, Clark County Prosecutor's Office, 50 E. Columbia Street, 4th Floor, Springfield, Ohio 45501
      Attorney for Plaintiff-Appellee

CARLO C. McGINNIS, Atty. Reg. No. 0019540, 130 W. Second Street, Suite 800, Dayton, Ohio 45402
      Attorney for Defendant-Appellant

. . . . . . . . . .

FROELICH, P.J.

      **{¶ 1}** Joseph Huber appeals from an Amended Judgment Entry of

Conviction entered by the Clark County Court of Common Pleas for the purpose of correcting the imposition of post-release control.   For the following reasons, the trial court's amended judgment entry will be vacated.

I.

{¶ 2}    On March 29, 2006, Huber pled guilty to robbery, a second-degree felony, and two felonies of the fifth degree, possession of criminal tools and breaking and entering. The trial court found him guilty and imposed an agreed sentence totaling four years in prison.  The court also ordered him to pay $7,000 in restitution.  At sentencing, the court informed Huber that, upon being released from prison, he would "be required to be placed on three years of post-release control with the Adult Parole Authority" and of the consequences for failure to comply with post-release control.   The court's judgment entry of conviction stated, however, that "[t]he Court has informed defendant that post release control is mandatory in this case *up to* a maximum of three years, as well as the consequences for violating conditions of post release control imposed by the Parole Board." (Emphasis added.)

{¶ 3}    On June 27, 2011, Huber filed a motion to "vacate his void sentence and judgment," arguing that post-release control was not properly imposed in the court's judgment entry of conviction and that the trial court failed to separately impose post-release control for the fifth-degree felonies.  Huber argued that resentencing generally would be required but, because he had already completed his four-year sentence, the court could not resentence him.  Huber asked the trial court to vacate his conviction and sentence in this case.

{¶ 4} On January 22, 2013, the trial court overruled Huber's motion, which it construed as a petition for post-conviction relief. The court acknowledged that the conviction entry "did improperly state that the mandatory term of post release control in this case would be 'up to' three years." It concluded, however, that the proper procedure was to file an amended entry to correctly show imposition of three years of mandatory post-release control. The trial court filed an amended judgment entry of conviction on the same day.

{¶ 5} Huber appeals from the trial court's amended judgment entry of conviction. He raises three assignments of error, which we will address together.

II.

{¶ 6} Huber's assignments of error state:

The trial court failed to properly impose post release control in its [original] sentence.

The trial court erred in denying defendant's motion to vacate void sentence and judgment.

The trial court erred in filing its amended judgment entry of conviction as it constituted successive punishment without due process in violation of the Fifth, Eighth and Fourteenth Amendments [to] the United States Constitution and Article I and II, Section 10 and 28 of the Ohio Constitution.

{¶ 7} "Post-release control" involves a period of supervision by the Adult Parole Authority after an offender's release from prison that includes one or more post-release control sanctions imposed under R.C. 2967.28. R.C. 2967.01(N). Post-release control is mandatory for some offenses and is imposed at the discretion of the Parole Board for others.

R.C. 2967.28(B); *State v. Blackshear*, 2d Dist. Montgomery No. 24302, 2011-Ohio-2059, ¶ 11. Language that appears to allow the parole board discretion to impose less than the statutorily-mandated term of post-release control does not conform to the statutory mandates. *See, e.g., State v. Fleming*, 2013-Ohio-503, 990 N.E.2d 145, ¶ 24 (2d Dist.) (statement that post-release control was mandatory "up to a maximum of five years" did not properly impose the mandatory five-year term of post-release control); *State v. Pointer*, 193 Ohio App.3d 674, 2011-Ohio-1419, 953 N.E.2d 853, ¶ 3 (2d Dist.) (statement that the defendant "will/may serve a period of post-release control under the supervision of the parole board" did not impose mandatory post-release control).

{¶ 8} The Supreme Court of Ohio has held that when a judge fails to impose the required post-release control as part of a defendant's sentence, "that *part* of the sentence is void and must be set aside." (Emphasis in original.) *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 26; *State v. Holdcroft*, 137 Ohio St.3d 526, 2013-Ohio-5014, 1 N.E.3d 382. The improper post-release control sanction "may be reviewed at any time, on direct appeal or by collateral attack," *Fischer* at ¶ 27, but "res judicata still applies to other aspects of the merits of a conviction, including the determination of guilt and the lawful elements of the ensuing sentence," *id*. at ¶ 40.

{¶ 9} Once a defendant has served the prison term for an offense for which post-release control applies, the trial court does not have the authority to resentence a defendant for the purpose of adding a term of post-release control as a sanction for that particular offense. *Holdcroft* at paragraph three of the syllabus. This is true even if the defendant remains incarcerated on other charges. *Id*. at ¶ 18. In addition, when

post-release control was properly imposed at sentencing but the trial court's judgment entry failed to properly include post-release control, the trial court's ability to correct its judgment through a nunc pro tunc entry ceases when the defendant completes his prison sentence. *State v. Qualls*, 131 Ohio St.3d 499, 2012-Ohio-1111, 967 N.E.2d 718, ¶ 24 ("when the notification of post-release control was properly given at the sentencing hearing, * * * [t]he original sentencing entry can be corrected to reflect what actually took place at the sentencing hearing, through a nunc pro tunc entry, as long as the correction is accomplished prior to the defendant's completion of his prison term.").

{¶ 10} Here, Huber was subject to a mandatory three-year term of post-release control for the robbery. R.C. 2967.28(B). The fifth-degree felonies were subject to post-release control of up to three years, at the discretion of the Parole Board. R.C. 2967.28(C). The trial court's original judgment entry of conviction stated that Huber was informed that post-release control was "mandatory in this case up to a maximum of three years." As the trial court later recognized, the court did not properly impose post-release control in its original judgment entry.

{¶ 11} Huber moved to vacate his sentence and conviction in 2011, after he had completely served the prison terms for all of the offenses in this case. Because Huber was no longer incarcerated on any of the offenses in this case, the trial court lacked the authority to resentence Huber and to file an amended judgment entry for the purpose of correctly imposing post-release control for any offense.

{¶ 12} Huber's first and third assignments of error are sustained.

{¶ 13} Huber's second assignment of error argues that his entire judgment entry of

conviction is void and he should be treated as though he were never convicted of these offenses. Huber did not appeal from his convictions for robbery, possession of criminal tools, and breaking and entering. Under *Fischer*, the trial court's improper imposition of post-release control did not affect Huber's guilty pleas and the non-void portions of his sentence, such as the prison terms and order of restitution, and res judicata precludes Huber from challenging those provisions at this time. Huber's second assignment of error is overruled.

### III.

{¶ 14} Because Huber completely served his prison sentence before the trial court filed its amended judgment entry of conviction, the trial court's amended judgment entry will be vacated.

. . . . . . . . . .

FAIN, J. and WELBAUM, J., concur.

Copies mailed to:

Lisa M. Fannin
Carlo C. McGinnis
Hon. Richard J. O'Neill