[Cite as *State v. Hudson*, 2014-Ohio-5363.]

IN THE COURT OF APPEALS FOR CLARK COUNTY, OHIO

STATE OF OHIO                               :

     Plaintiff-Appellee                    :            C.A. CASE NO.    2014 CA 53

v.                                          :            T.C. NO.    07 CR 926

RAYSHAUN HUDSON                             :            (Criminal appeal from
                                                         Common Pleas Court)

     Defendant-Appellant                   :

                                            :

. . . . . . . . . .

# **O P I N I O N**

Rendered on the _____5th_____ day of _____December_____, 2014.

. . . . . . . . . .

RYAN A. SAUNDERS, Atty. Reg. No. 0091678, Assistant Prosecuting Attorney, 50 E. Columbia Street, Suite 449, Springfield, Ohio 45502
     Attorney for Plaintiff-Appellee

RAYSHAUN HUDSON, #599-781, Chillicothe Correctional Institution, P. O. Box 5500, Chillicothe, Ohio 45601
     Defendant-Appellant

. . . . . . . . . .

FROELICH, P.J.

{¶ 1} Rayshaun Hudson appeals from the trial court's denial of his petition for post-conviction relief. Hudson claims that the trial court should have found that his counsel rendered ineffective assistance during plea negotiations and that the trial court's imposition of post-release control was improper. For the following reasons, the trial court's judgment denying Hudson's petition for post-conviction relief will be affirmed in part and reversed in part, and the matter will be remanded for resentencing on post-release control.

{¶ 2} In December 2008, Hudson was convicted after a jury trial of two counts of felonious assault, two counts of tampering with evidence, one count of possession of drugs, one count of possession of criminal tools, and one count of failure to comply with an order or signal of a police officer. The trial court sentenced him to an aggregate term of 42 years in prison.

{¶ 3} In June 2010, Hudson filed a motion for delayed appeal, which was denied. *State v. Hudson*, 2d Dist. Clark No. 2010 CA 64 (July 30, 2010). In December 2011, he again sought leave to file a motion for a delayed appeal; we granted his motion. On appeal, Hudson claimed that (1) the trial court abused its discretion in denying him a continuance of the trial, (2) the trial court erred in sentencing him for firearm specifications in connection with each felonious assault, (3) his conviction for tampering with evidence was against the manifest weight of the evidence, and (4) the trial court erred in failing to merge the felonious assault charges as allied offenses of similar import. We affirmed Hudson's convictions.[1]

---

[1] A majority of this Court concluded that the tampering with evidence conviction was against the manifest weight of the evidence. However, because this Court was not unanimous, Hudson's conviction for tampering with evidence could not be reversed. Ohio Constitution, Article IV, Section 3(B)(3).

*State v. Hudson*, 2013-Ohio-2351, 993 N.E.2d 443 (2d Dist.).

{¶ 4} In July and August of 2013, Hudson sought to reopen his direct appeal, claiming that his appellate counsel rendered ineffective assistance by failing to raise seven claims on appeal, including the trial court's imposition of court-appointed counsel fees. On September 23, 2013, we ruled that Hudson's direct appeal would be reopened for the limited purpose of allowing him to raise the trial court's requirement that he pay court-appointed counsel fees. In addition, we modified Hudson's sentence to remove the possibility that he be required to perform community service should he fail to pay court costs. In all other respects, we overruled Hudson's motion to reopen his direct appeal.

{¶ 5} In the reopened direct appeal, we reversed the trial court's judgment to the extent that it required Hudson to pay court-appointed counsel fees, and we remanded the matter to the trial court for resentencing on that issue. In all other respects, we affirmed the trial court's judgment, as previously modified. *State v. Hudson*, 2d Dist. Clark No. 2011 CA 100, 2014-Ohio-1977.

{¶ 6} On March 13, 2014, Hudson filed a petition for post-conviction relief, pursuant to R.C. 2953.21, claiming that (1) his trial attorney acted deficiently by not "properly advis[ing] the Defendant that he had no possible defense at trial and to take the ten year plea offer which was later changed to 12 years at the time of trial," and (2) the trial court erred in its imposition of "up to three years" of post-release control. Hudson attached to his petition portions of the trial transcript, the judgment entry in his case, and case law concerning the imposition of post-release control.

{¶ 7} The trial court summarily denied the petition for post-conviction relief on

April 8, 2014. Hudson appeals from the trial court's judgment, raising two assignments of error. We will address them in reverse order.

{¶ 8} Hudson's second assignment of error states:

THE TRIAL COURT ERRED AS A MATTER OF LAW IN NOT FINDING TRIAL COUNSEL INEFFECTIVE WHEN COUNSEL DID NOT PROPERLY ADVISE THE APPELLANT TO ACCEPT THE TEN YEAR PLEA OFFER AND NOT PROCEED TO TRIAL DEFENSELESS AND PREVENT A FORTY-TWO YEAR SENTENCE.

{¶ 9} In his second assignment of error, Hudson claims that the trial court erred in failing to grant him post-conviction relief based on alleged ineffective assistance of trial counsel related to counsel's advice to Hudson regarding plea offers by the State.

{¶ 10} Petitions for post-conviction relief are governed by R.C. 2953.21 through R.C. 2953.23. Under these statutes, any defendant who has been convicted of a criminal offense and who claims to have experienced a denial or infringement of his or her constitutional rights (federal or Ohio) may petition the trial court to vacate or set aside the judgment and sentence. R.C. 2953.21(A). A post-conviction proceeding is not an appeal of a criminal conviction; it is a collateral civil attack on the judgment. *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 48, citing *State v. Steffen*, 70 Ohio St.3d 399, 410, 639 N.E.2d 67 (1994); R.C. 2953.21(J). For this reason, a defendant's petition for post-conviction relief is not a constitutional right; the only rights afforded to a defendant in post-conviction proceedings are those specifically granted by the legislature. *Steffen*, 70 Ohio St.3d at 410; *State v. Calhoun*, 86 Ohio St.3d 279, 281, 714 N.E.2d 905 (1999).

{¶ 11}   When a direct appeal of the judgment of conviction has been taken (as in Hudson's case), a petition for post-conviction relief must be filed "no later than one hundred and eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication."   R.C. 2953.21(A)(2). Trial courts lack jurisdiction to consider an untimely petition for post-conviction relief, unless the untimeliness is excused under R.C. 2953.23(A).   *State v. Current*, 2d Dist. Champaign No. 2012 CA 33, 2013-Ohio-1921, ¶ 16.

{¶ 12}   Pursuant to R.C. 2953.23(A)(1)(a), a defendant may file an untimely petition for post-conviction relief if (1) he was unavoidably prevented from discovering the facts upon which he relies to present his claim, or (2) the United States Supreme Court recognizes a new federal or state right that applies retroactively to his situation and the petition asserts a claim based on that right.   The petitioner must also show by clear and convincing evidence that, if not for the constitutional error from which he suffered, no reasonable factfinder could have found him guilty.   R.C. 2953.23(A)(1)(b).

{¶ 13}   Hudson argued to the trial court that his petition for post-conviction relief was timely, because his direct appeal was reopened and his appellate counsel upon reopening "order[ed] the transcript and received a copy on or about January, 2014 and filed his Appeal Brief on or about February, 2014."   On appeal, the State argues that Hudson's petition is untimely.

{¶ 14}   According to the docket in his delayed direct appeal (2d Dist. Clark No. 2011 CA 100),[2] the transcript of proceedings was filed in the court of appeals on October

_____

[2]   There is some disagreement among the Ohio appellate districts whether a delayed appeal or reopened appeal

15, 2012 and October 23, 2012. Our initial opinion and final judgment in the delayed direct appeal was rendered on June 7, 2013. On September 24, 2013, we permitted Hudson to reopen his direct appeal for the limited purpose of allowing him to raise the trial court's requirement that he pay court-appointed counsel fees. No additional transcript of proceedings was filed in connection with the reopening. We issued an opinion and final judgment in the reopened delayed direct appeal on May 14, 2014.

{¶ 15}   Hudson filed his petition for post-conviction relief on March 13, 2014, more than 180 days after the transcript of proceedings was filed in October 2012 (and, if this were relevant, more than 180 days after our June 7, 2013 opinion and judgment entry). Accordingly, his petition was untimely, and we lack jurisdiction to address the merits of his ineffective assistance of counsel claim unless the timeliness is excused.

{¶ 16}   Hudson has not claimed that his untimeliness is excused because a new federal or state right applies to him, nor does he assert that he was unavoidably prevented from discovering the facts upon which he bases his ineffective assistance of counsel claim. Hudson states in his brief, and the record substantiates, that he was offered a 12-year sentence prior to trial, and, by being present throughout the trial and sentencing, Hudson learned (if he didn't know beforehand) the strength of the State's case against him, the

---

constitutes a "direct appeal" for purposes of the 180-day requirement of R.C. 2953.21.   Contrast *State v. Fuller*, 171 Ohio App.3d 260, 2007-Ohio-2018, 870 N.E.2d 255 (1st Dist.) ("[t]he postconviction statutes, by their terms, plainly afford a postconviction petitioner who has timely filed an appeal by right, who has been granted a delayed appeal, or whose appeal has been reopened, 180 days from the date on which the trial transcript is filed in his appeal.") with, *e.g.*, *State v. Price*, 10th Dist. Franklin No. 98AP-80, 1998 WL 680964 (Sept. 29, 1998) (rejecting the defendant's argument that the180-day period should begin with the filing of the transcript in his delayed appeal).   We need not address this question because, even considering the filing of the trial transcripts in Hudson's delayed and reopened appeals, his petition for post-conviction relief is untimely.

strength of his own case, and the ultimate consequence of being found guilty and sentenced by the court, rather than entering a plea. Accordingly, Hudson could have raised a claim that his counsel acted deficiently during plea negotiations shortly after sentencing.

{¶ 17} Because of the manner in which the trial court denied the petition, we cannot determine the basis for the denial; regardless, a trial court is without jurisdiction to address an untimely petition for post-conviction relief. Since Hudson's petition for post-conviction relief was untimely, we cannot address the merits of his ineffective assistance of counsel claim. Hudson's second assignment of error is overruled.

{¶ 18} Hudson's first assignment of error states:

THE TRIAL COURT RENDERED A VOID JUDGMENT WHEN IT IMPOSED THE WRONG POST RELEASE CONTROL FOR A FELONY TWO, WHERE THE TRIAL COURT IMPOSED UP TO THREE YEARS INSTEAD OF THREE YEARS MANDATORY

{¶ 19} In his first assignment of error, Hudson claims that the trial court's imposition of post-release control was void. "If a sentence is void for failure to include proper postrelease-control notification, the trial court – or the reviewing court – has an obligation to recognize the void sentence, vacate it, and order resentencing. Presumably, this means that a trial court, confronted with an untimely or successive petition for postconviction relief that challenges a void sentence, must ignore the procedural irregularities of the petition and, instead, vacate the void sentence and resentence the defendant." (Citation omitted.) *State v. Holcomb*, 184 Ohio App.3d 577, 2009-Ohio-3187, 921 N.E.2d 1077, ¶ 19 (9th Dist.); *State v. Harrison*, 2d Dist. Montgomery No. 24471,

2011-Ohio-6803, ¶ 20.

{¶ 20} "Post-release control" involves a period of supervision by the Adult Parole Authority after an offender's release from prison that includes one or more post-release control sanctions imposed under R.C. 2967.28. R.C. 2967.01(N). Post-release control is mandatory for some offenses and is imposed at the discretion of the Parole Board for others. R.C. 2967.28(B); *State v. Blackshear*, 2d Dist. Montgomery No. 24302, 2011-Ohio-2059, ¶ 11. Language that appears to allow the parole board discretion to impose less than the statutorily-mandated term of post-release control does not conform to the statutory mandates. *See, e.g., State v. Fleming*, 2013-Ohio-503, 990 N.E.2d 145, ¶ 24 (2d Dist.) (statement that post-release control was mandatory "up to a maximum of five years" did not properly impose the mandatory five-year term of post-release control); *State v. Pointer*, 193 Ohio App.3d 674, 2011-Ohio-1419, 953 N.E.2d 853, ¶ 3 (2d Dist.) (statement that the defendant "will/may serve a period of post-release control under the supervision of the parole board" did not impose mandatory post-release control).

{¶ 21} The Supreme Court of Ohio has held that when a judge fails to impose the required post-release control as part of a defendant's sentence, "that *part* of the sentence is void and must be set aside." (Emphasis in original.) *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 26; *State v. Holdcroft*, 137 Ohio St.3d 526, 2013-Ohio-5014, 1 N.E.3d 382. The improper post-release control sanction "may be reviewed at any time, on direct appeal or by collateral attack," *Fischer* at ¶ 27, but "res judicata still applies to other aspects of the merits of a conviction, including the determination of guilt and the lawful elements of the ensuing sentence," *id*. at ¶ 40.

**{¶ 22}** R.C. 2967.28(B) requires that each sentence for a felony of the second degree "shall include a requirement that the offender be subject to a period of post-release control imposed by the parole board after the offender's release from imprisonment." The period of post-release control for second-degree felony (that is not a felony sex offense) is three years. R.C. 2967.28(B)(1).

**{¶ 23}** At sentencing, the trial court told Hudson, "The Defendant having been convicted of a second-degree felony, well, two second-degree felonies, felonious assault, there will be mandatory post-release control in this case of up to three years for each offense upon his release from prison." Hudson's original judgment entry indicated that Hudson was subject to five years of post-release control. An amended judgment entry, dated April 15, 2009, states that "The Court notified the defendant that post-release control (PRC) is mandatory in this case for up to three years * * *."

**{¶ 24}** The State concedes, and we agree, that post-release control was not properly imposed and that Hudson should be resentenced on post-release control only. Hudson was subject to a mandatory term of three years of post-release control; the trial court incorrectly informed him that he was subject to "up to" three years of post-release control. Hudson's first assignment of error is sustained.

**{¶ 25}** Hudson requests that we remand the matter to a different judge, due to alleged judicial bias. We have no authority to prospectively review the issue of the trial judge's alleged bias and prejudice. *E.g.*, *State v. Osie*, 140 Ohio St.3d 131, 2014-Ohio-2966, 16 N.E.3d 588, ¶ 62-65; *State v. Cook*, 2d Dist. Champaign No. 2013 CA 22, 2014-Ohio-3165, ¶ 13-14.

R.C. 2701.03 sets forth the procedures for seeking disqualification of a common pleas court judge for prejudice. Under that statute, a party may file an affidavit of disqualification with the clerk of the supreme court. The Chief Justice of the Supreme Court of Ohio or his [or her] designee determines whether the judge is biased or prejudiced. This procedure provides "the exclusive means by which a litigant may claim that a common pleas judge is biased and prejudiced."

(Citations omitted.) *State v. Galluzzo*, 2d Dist. Champaign No. 2004 CA 25, 2006-Ohio-309, ¶ 15. Further, the resentencing ordered by this court vests no discretion in the trial court. The resentencing is limited to the proper imposition of post-release control, as mandated by statute.

{¶ 26} The trial court's judgment denying Hudson's petition for post-conviction relief will be affirmed in part and reversed in part, and the matter will be remanded for resentencing on post-release control.

. . . . . . . . . .

FAIN, J. and HALL, J., concur.

Copies mailed to:

Ryan A. Saunders
Rayshaun Hudson
Hon. Douglas M. Rastatter