**[Cite as *State v. Newport*, 2021-Ohio-2607.]**

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**CLARK COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2020-CA-48 |
| | : | |
| v. | : | Trial Court Case No. 2020-CR-52 |
| | : | |
| DAVID NEWPORT | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 30th day of July, 2021.

. . . . . . . . . . .

IAN A. RICHARDSON, Atty. Reg. No. 0100124, Assistant Prosecuting Attorney, Clark County Prosecutor's Office, Appellate Division, 50 East Columbia Street, Suite 449, Springfield, Ohio 45502
　　　Attorney for Plaintiff-Appellee

ROBERT ALAN BRENNER, Atty. Reg. No. 0067714, P.O. Box 340214, Dayton, Ohio 45434
　　　Attorney for Defendant-Appellant

. . . . . . . . . . . . .

DONOVAN, J.

{¶ 1} Defendant-appellant David Newport appeals his conviction for one count of aggravated robbery, in violation of R.C. 2911.01(A)(1), and a one-year firearm specification.

{¶ 2} Newport filed a delayed notice of appeal with this court on September 21, 2020. On October 7, 2020, we issued a show cause order as to why Newport's appeal should not be dismissed for failure to file a timely notice of appeal within the 30 days required by App.R. 4(A). On October 8, 2020, Newport filed a response to the show cause order. On October 23, 2020, we issued a decision and entry concluding that Newport had demonstrated good cause which justified permitting him to file a delayed appeal.

{¶ 3} The incident which formed the basis for Newport's conviction occurred on January 18, 2020, when Newport entered the Security National Bank (SNB) located at 2730 East Main Street in Springfield, Ohio, and committed an aggravated robbery with a firearm inside the bank. Plea Hearing Transcript, p. 4. On January 27, 2020, Newport was indicted for two counts of aggravated robbery (Counts I and II), both felonies of the first degree and both accompanied by a three-year firearm specification.

{¶ 4} On July 27, 2020, Newport pled guilty to Count I, aggravated robbery, and an amended one-year firearm specification. In return for Newport's guilty plea, Count II and the attached three-year firearm specification were dismissed. The trial court also ordered the adult probation department to conduct a presentence investigation prior to sentencing.

{¶ 5} During Newport's plea hearing, the trial judge disclosed to the parties that his brother was employed at a different branch of SNB and that he would consider motions

for recusal since SNB was the victim in this case. *Id.* at 4-5.   The trial judge also stated that his brother had no interaction with the public outside of his own personal clients, and he was not a teller at the bank. *Id.* at 5.

**{¶ 6}** After conferring with his attorney, Newport made an oral motion for the trial judge to recuse himself.   Newport stated that he had concerns that the trial judge's brother would have knowledge of the robbery and/or of the tellers who were robbed. Furthermore, Newport argued that the trial judge's brother would exert an influence over the judge, thereby potentially impairing his ability to remain impartial when sentencing Newport.

**{¶ 7}** After listening to Newport's argument in support of his oral motion for recusal, the trial judge initially stated that the day of the plea hearing was the first time that he became aware of this robbery.   The trial judge also stated that he had no intention of discussing the case with his brother, and in the event his brother did attempt to discuss the case, the trial judge stated that he would reconsider recusing himself from the remainder of the proceedings.   Nevertheless, the trial judge stated that his ability to remain impartial would not be affected because his brother worked for the same bank. The trial judge therefore overruled Newport's motion for recusal and proceeded with the plea hearing.

**{¶ 8}** At disposition on August 17, 2020, the trial court sentenced Newport to ten to fifteen years in prison with an additional year for the firearm specification.   The trial court also sentenced Newport to five years of mandatory post-release control.

**{¶ 9}** It is from this judgment that Newport now appeals.

**{¶ 10}** Newport's sole assignment of error is as follows:

NEWPORT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL IN THE TRIAL COURT WHEN HIS TRIAL COUNSEL FAILED TO FOLLOW THE REQUIRED PROCEDURE TO DISQUALIFY THE COMMON PLEAS JUDGE PURSUANT TO R.C. 2701.03.

{¶ 11} Newport contends that he received ineffective assistance when his trial counsel failed to follow the procedure set forth in R.C. 2701.03 for seeking disqualification of a common pleas court trial judge.

{¶ 12} "We review the alleged instances of ineffective assistance of trial counsel under the two prong analysis set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and adopted by the Supreme Court of Ohio in *State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373.   Pursuant to those cases, trial counsel is entitled to a strong presumption that his or her conduct falls within the wide range of reasonable assistance. *Strickland* at 688.   To reverse a conviction based on ineffective assistance of counsel, it must be demonstrated that trial counsel's conduct fell below an objective standard of reasonableness and that his errors were serious enough to create a reasonable probability that, but for the errors, the result of the trial would have been different. *Id.*   Hindsight is not permitted to distort the assessment of what was reasonable in light of counsel's perspective at the time, and a debatable decision concerning trial strategy cannot form the basis of a finding of ineffective assistance of counsel." (Citation omitted.) *State v. Mitchell,* 2d Dist. Montgomery No. 21957, 2008-Ohio-493, ¶ 31.

{¶ 13} An appellant is not deprived of effective assistance of counsel when counsel chooses, for strategic reasons, not to pursue every possible tactic. *State v. Brown*, 38

Ohio St.3d 305, 319, 528 N.E.2d 523 (1988). The test for a claim of ineffective assistance of counsel is not whether counsel pursued every possible defense; the test is whether the defense chosen was objectively reasonable. *Strickland* at 688. A reviewing court may not second-guess decisions of counsel which can be considered matters of strategy. *State v. Smith*, 17 Ohio St.3d 98, 477 N.E.2d 1128 (1985). Debatable strategic and tactical decisions may not form the basis of a claim for ineffective assistance of counsel, even if, in hindsight, it looks as if a better strategy had been available. *State v. Cook*, 65 Ohio St.3d 516, 524, 605 N.E.2d 70 (1992).

{¶ 14} "The disqualification of a judge is an extraordinary remedy." *In re Disqualification of Capper*, 134 Ohio St.3d 1272, 2012-Ohio-6287, 984 N.E.2d 1082, ¶ 26. R.C. 2701.03 sets forth the procedures for seeking disqualification of a common pleas court judge for prejudice. Under that statute, a party or the party's attorney may file an affidavit of disqualification with the clerk of the Supreme Court of Ohio. R.C. 2701.03(A). The affidavit must meet several requirements, as set forth in R.C. 2701.03(B). If a proper affidavit is submitted, the chief justice of the Supreme Court or his or her designee determines whether the trial judge is biased or prejudiced. R.C. 2701.03(D), (E).

{¶ 15} The procedure set forth in R.C. 2701.03 provides "the exclusive means by which a litigant may claim that a common pleas judge is biased and prejudiced." *Jones v. Billingham*, 105 Ohio App.3d 8, 11, 663 N.E.2d 657 (2d Dist.1995); *see, e.g., State v. Osie*, 140 Ohio St.3d 131, 2014-Ohio-2966, 16 N.E.3d 588, ¶ 62; *State v. Hudson*, 2d Dist. Clark No. 2014-CA-53, 2014-Ohio-5363, ¶ 25; *State v. Galluzzo*, 2d Dist. Champaign No. 2004-CA-25, 2006-Ohio-309, ¶ 15. "A court of appeals does not have authority to rule on the disqualification of the trial judge or to void a judgment of the trial

court on that basis." *Easterling v. Hafer*, 2d Dist. Montgomery No. 24950, 2012-Ohio-2101, ¶ 9.

{¶ 16} Here, Newport argues that his trial counsel was ineffective because he only made an oral motion for the trial judge to recuse himself after the judge disclosed that his brother was employed by the same bank institution robbed by Newport. Newport argues that he was prejudiced by his trial counsel's failure to file an affidavit with the Ohio Supreme Court pursuant to R.C. 2703.01, thereby further pursuing disqualification of the trial judge in this case.

{¶ 17} Based upon the record before us, we find no basis to conclude that trial counsel was ineffective for failing to file an affidavit of disqualification under R.C. 2701.03. "Judicial bias is 'a hostile feeling or spirit of ill will or undue friendship or favoritism toward one of the litigants or his attorney, with the formation of a fixed anticipatory judgment on the part of the judge, as contradistinguished from an open state of mind which will be governed by the law and the facts.' Trial judges are 'presumed not to be biased or prejudiced, and the party alleging bias or prejudice must set forth evidence to overcome the presumption of integrity.' " (Citations omitted.) *Weiner v. Kwait*, 2d Dist. Montgomery No. 19289, 2003-Ohio-3409, ¶ 89-90; *see also State v. Qualls*, 2d Dist. Montgomery No. 26423, 2015-Ohio-2182, ¶ 13 (holding that the defendant did not receive ineffective assistance of counsel when his counsel only made an oral motion for recusal of the trial judge and failed to file an affidavit for disqualification pursuant to R.C. 2703.01).

{¶ 18} There is nothing in the record to suggest that the trial court was biased against Newport or that Newport was prejudiced in any way by the fact that the trial judge's brother was employed at SNB when he pled guilty to and was sentenced for

aggravated robbery. As previously stated, the trial judge disclosed to the parties that his brother was employed at a different branch of SNB. The trial judge also stated that his brother had no interaction with the public outside of his own personal clients, and he was not a teller at the bank. Additionally, the trial judge stated that he had no intention of discussing the case with his brother, and in the event his brother did attempt to discuss the case, the trial judge stated that he would reconsider recusing himself from the remainder of the proceedings. The trial judge then unequivocally stated that his ability to remain impartial would not be affected because his brother worked for the same bank.

{¶ 19} Furthermore, there is nothing in the record to suggest that Newport would have received a more lenient sentence had he been sentenced by another judge. *See Qualls* at ¶ 14. The record establishes that Newport had previously been convicted of six burglaries in 2006, all felonies of the third degree, and in this case, Newport used a firearm to commit a robbery in a bank containing members of the public. It is also important to note that Newport was sentenced to 10 to 15 years in prison for the aggravated robbery, less than the maximum prison term that could have been imposed.

{¶ 20} In light of the foregoing, we find that Newport did not receive ineffective assistance when his trial counsel failed to follow the procedure set forth in R.C. 2701.03 for seeking disqualification of a common pleas court judge after making an oral motion for recusal.

{¶ 21} Newport's sole assignment of error is overruled.

{¶ 22} The judgment of the trial court is affirmed.

. . . . . . . . . . . . .

HALL, J. and WELBAUM, J., concur.


Copies sent to:

Ian A. Richardson
Robert Alan Brenner
Hon. Douglas M. Rastatter