[Cite as *State v. Scharsch*, 2014-Ohio-1756.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**CHAMPAIGN COUNTY**

STATE OF OHIO

       Plaintiff-Appellee

v.

DEREK W. SCHARSCH

       Defendant-Appellant

Appellate Case No. 2013-CA-38

Trial Court Case No. 2012-CR-140

(Criminal Appeal from
 Common Pleas Court)

. . . . . . . . . . .

## O P I N I O N

Rendered on the 25th day of April, 2014.

. . . . . . . . . . .

KEVIN S. TALEBI, Atty. Reg. #0069198, by JENNIFER E. GELLER, Atty. Reg. #0088855, Champaign County Prosecutor's Office, 200 North Main Street, Urbana, Ohio 43078
      Attorney for Plaintiff-Appellee

MATTHEW J. PIERRON, Atty. Reg. #0090483, Hanes Law Group, Ltd., 507 South Broadway, Greenville, Ohio 45331
      Attorney for Defendant-Appellant

. . . . . . . . . . . .

FAIN, J.

{¶ 1}   Defendant-appellant Derek W. Scharsch appeals from the trial court's finding

that he violated the terms of his community control sanctions imposed as a sentence for Theft, and the ensuing eight-month prison sentence imposed by the trial court. Scharsch's appellate counsel has filed a brief under the authority of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), indicating that he has not found any potential assignments of error having arguable merit. After performing our duty, under *Anders*, of independent review of the record, we also have found no potential assignments of error having arguable merit. Accordingly, the judgment of the trial court is Affirmed.

## I. The Course of Proceedings

{¶ 2} In 2012, Scharsch was charged with one count of Passing Bad Checks, in violation of R.C. 2913.11(B) and (F), and one count of Theft, in violation of R.C. 2913.02(A)(3) and (B)(2). He pled guilty to Theft, and the Passing Bad Checks charge was dismissed. Scharsch was sentenced to community control sanctions.

{¶ 3} In 2013, Scharsch was charged with a number of violations of the terms of his community control sanctions. Some of these were ultimately dismissed; on others, he was found not guilty. Scharsch admitted the following violations:

2. On or about March 26, 2013 you failed to report to your supervising officer as ordered to do so.

3. Since on and after [sic] March 26, 2013 you have failed to keep your supervising officer informed of your whereabouts.

4. On or about April 1, 2013 you did go to Nashville, Tennessee without permission from your supervising officer.

6A. You failed to pay fine and costs in Case Number 2012 CR 140 as ordered by the Champaign County Common Pleas Court.

{¶ 4} Following a hearing, Scharsch was found to have committed the following additional violations:

1B. On or about March 26, 2013 you did threaten to do bodily harm to Trina Davis in or around Miami County, Ohio.

1C. On or about March 26, 2013 you did threaten to do bodily harm to James Davis in or around Miami County, Ohio.

1G. On or about May 22, 2013 you did send a text message indicating you had a shotgun in your possession in and around Miami County, Ohio.

1H. On or about June 27, 2013 you did threaten to shoot James Davis with a shotgun in and around Miami County, Ohio.

1I. On or about January 11, 2013 you did forge a check in and around Miami County, Ohio.

1J. On or about May 28, 2013 you did forge a check in and around Miami County, Ohio.

1K. On or about June 27, 2013 you did violate the terms of a protection order issued by Miami County Municipal Court, Miami County, Ohio.

5A. On or about July 1, 2013 you did admit to your supervising officer your urine would be positive for cocaine (crack).

5B. On or around July 1, 2013 you did admit to your supervising officer your urine would be positive for marijuana.

{¶ 5}   On August 8, 2013, the trial court revoked Scharsch's community control sanctions, and imposed a prison sentence of eight months, with a jail-time credit of 41 days.   The trial court recommended Scharsch for a risk reduction sentence under R.C. 5120.036, but did not recommend him for a transitional control program under R.C. 2967.26, for shock incarceration, under R.C. 5120.031, or for intensive program prison, under R.C. 5120.032.

{¶ 6}   From the revocation of his community control sanctions and his eight-month prison sentence, Scharsch appeals.

{¶ 7}   Scharsch's appellate counsel has filed an *Anders* brief, finding no potential assignments of error having arguable merit.   By entry dated January 22, 2014, we accorded Scharsch the opportunity to file his own, pro se brief within 60 days.   He has not done so.

## II.   A Litigant Who Is Aware of an Arguable Reason why the Trial Judge Should Be Disqualified, but Does Not Invoke the Disqualification Procedure Under R.C. 2701.03 Until After Trial, Cannot Raise the Disqualification Issue for the First Time on Appeal

{¶ 8}   In reviewing potential assignments of error that he considered, appellate counsel first raises the issue that the trial judge should have been disqualified due to the fact that the trial judge had formerly been a prosecutor in a criminal case against Scharsch.   We agree with counsel that Scharsch's remedy was to seek to disqualify the trial judge, before trial, by means of an affidavit of bias or prejudice filed with the Supreme Court of Ohio under R.C. 2701.03.

{¶ 9}   When an alleged basis for disqualification is known to a party for some time before trial, but an objection is not raised until "well after the judge has participated in the

proceedings," the issue is waived. *In re Disqualification of Pepple*, 47 Ohio St.3d 606, 607, 546 N.E.2d 1298 (1989). A contrary rule would be unfair to the State where, as here, a defendant has allowed an issue of fact to be tried to a judge as finder of fact, knowing of a potential argument for the disqualification of the judge, but only raises the disqualification issue after the judge has made factual findings against the defendant.

{¶ 10} We agree with counsel that this potential assignment of error has no arguable merit.

### III. Ineffective Assistance of Trial Counsel in Having Failed to Object to Hearsay Testimony Cannot Be a Basis for Reversal when the Testimony Relates to a Charge upon which the Defendant Was Found Not Guilty

{¶ 11} Counsel next refers to two instances in which Scharsch's trial counsel failed to object to hearsay testimony. The first of these concerned testimony of James Davis, in which he testified that two other individuals, one of whom Davis did not know by name, told Davis that Scharsch had offered money to them to beat up Davis. There was no objection. This testimony related to charged violation 1F: "On or about May 22, 2013 you offered money to a person to do bodily harm to another person in and around Miami County, Ohio." The trial court found Scharsch not guilty of this charge.

{¶ 12} For ineffective assistance of trial counsel to constitute reversible error, there must be a reasonable probability that absent trial counsel's errors, the result of the trial would have been different. *State v. Bradley*, 42 Ohio St.3d 136, 143, 538 N.E.2d 373 (1989). Had trial counsel objected to this hearsay testimony, and had his objection been sustained, evidence would

have been kept out of the record to support charged violation 1F. Because Scharsch was found not guilty of this charged violation, trial counsel's failure to have objected was necessarily harmless.

**IV. Ineffective Assistance of Trial Counsel in Having Failed to Object to Hearsay Testimony Cannot Be a Basis for Reversal when the Testimony Only Peripherally Relates to a Charge of Forgery, and there Is Ample Direct Evidence of the Forgery**

{¶ 13} Scharsch was charged with having forged the signature of his estranged wife, Julie Scharsch, to two checks made out to her, and cashing them. On re-direct examination, Julie Scharsch was questioned concerning statements made by April Thacker, a friend of her husband:

Q. Okay. And it's your belief that she [Thacker] does not have any knowledge of the forgery allegations, right?

A. I don't think that she was present when the checks were cashed. But she had made comments to people that she felt bad about taking the money because he had bought gas and cigarettes for her for her car.

Q. So let's talk a little bit more about that.

A. Okay.

Q. Are you saying that she had knowledge that she has been talking about the use of the money with other people in town?

A. Yes, ma'am.

Q. All right. Tell the Court a little bit more about that.

A.   Just mutual friends.   That used to go over there that talked to me.   And they said she feels really bad because when they found out that I had filed charges against the checks, well, she feels really bad about those checks because she knew afterwards and, you know, she told him she got into, you know, I guess got into an argument with him about, you know, did you cash those checks, if you cashed those checks then you really need to pay her the money back.

{¶ 14}   From the foregoing testimony, it appears that Thacker did not know that Scharsch had, in fact forged checks to his wife, but knew only that he had been accused of forging the checks.   Thacker testified for the defense, and denied having had any conversation with Scharsch, the defendant, concerning the forgery allegations.

{¶ 15}   We agree with appellate counsel that even if trial counsel were deemed ineffective for not having interposed a hearsay objection to Julie Scharsch's testimony concerning what other people had told her that Thacker had said, there is no reasonable probability that this affected the outcome of the trial.   Copies of the two allegedly forged checks were admitted in evidence, and Julie Scharsch, who was familiar with her husband's handwriting, testified that the forged signatures were in his handwriting.   For his part, Scharsch admitted having told the police that he did sign and negotiate the checks made out to his wife.   He claimed that he was doing it for her convenience, and with her permission.   She disputed this.

{¶ 16}   We agree with appellate counsel that this potential assignment of error has no arguable merit.

## V.   The Sentence Is Neither an Abuse of Discretion Nor
## Clearly and Convincingly Contrary to the Facts in the Record

{¶ 17}   Finally, appellate counsel considered an argument that Scharsch's sentence is an abuse of discretion, but rejected this potential assignment of error as having no arguable merit.

Whether Scharsch's eight-month sentence is reviewed under an abuse-of-discretion standard, or under a clearly-and-convincingly-contrary-to-the-facts-in-the-record

standard, *see State v. Rodeffer*, 2d Dist. Montgomery Nos. 25574, 25575, and 25576, 2013-Ohio-5759, we see no reasonable challenge to the sentence.

{¶ 18} The trial court explained its reason for the sentence:

THE COURT: * * * . Court has reviewed the sentencing hearing and the merits hearing from last week. Court also reviewed those statements from the Prosecutor, Defendant, and Defense Counsel. In imposing sentence the Court has considered and applied the purposes and principles of sentencing as set forth in [R.C.] 2929.11 Divisions A, B, and C.

Court also evaluated the nature and circumstances of the community control violations, statements of counsel, the Defendant, and the victims. Court notes that in considering seriousness and recidivism that with regard to more serious factors, Defendant's acts of community control violations encompass violence, drug abuse, fraud, and conduct against the administration of justice by departing the State of Ohio without the permission of the Court or his probation officer and by violating another Court's order not to have contact with specified individuals.

Regarding the community control violations the Court also notes the Defendant's relationship with the victims facilitated the offenses. Court finds no less serious factors. Court finds that the factors establishing the Defendant's conduct is more serious outweigh factors that the Defendant's conduct was less serious.

With regard to recidivism, the Court notes at the time of committing community control violations the Defendant was under community control. Defendant shows no genuine remorse for the offense. And most importantly, Defendant has pending criminal warrants in Miami County case number 2013-CRA-1962 and 2013-CRA-1963. Felony forgery offenses in Miami County case number 2013-CRB-2376 for a misdemeanor violation of a protection order offense. Champaign County violations share the fact pattern as the pending Miami County cases. Court finds no factors indicate the Defendant less likely to commit future crimes. Court concludes factors establishing Defendant's recidivism is more likely outweigh factors establishing recidivism is less likely.

Court considered Defendant's military service record. Court finds he has a military service record. Court finds Defendant does not have an emotional, mental, or physical condition that is traceable to the Defendant's military service in the Armed Forces of the United States. Court finds Defendant's service in the Armed Forces was not a contributing factor to the defense in the commission of the offenses.

Court also finds Defendant is not amenable to any available community control situation. Court considered alternatives to incarceration. Court notes no reasonable alternatives are available in taking into account the totality of the circumstances, the crimes, and nature of the Defendant's community control violations. Defendant is not eligible for residential alternative to prison because of his pending charges and his criminal – because of pending criminal charges.

With those sentencing findings made, the Court imposes a term of imprisonment upon the Defendant under Ohio's statutory scheme. On Count Two, Court imposes eight months to the Ohio Department of Rehabilitation and Corrections. Court revokes Defendant's community

control.

{¶ 19}   We find no fault with the trial court's reasoning.   We agree with counsel that there is no potential assignment of error relating to the sentence imposed that has arguable merit.

## VI.   Any Error Regarding Disapproval of Shock Incarceration
## or Intensive Program Prison Is Moot

{¶ 20}   We also considered a potential assignment of error concerning the trial court's disapproval of Scharsch for Shock Incarceration or Intensive Program Prison, based on an argument that the trial court did not provide its reasons for disapproval.   *See State v. Allender*, 2d Dist. Montgomery No. 24864, 2012-Ohio-2963. We conclude that any argument along these lines is moot.

{¶ 21}   On August 8, 2013, Scharsch was sentenced to imprisonment for eight months, with a jail-time credit against that sentence of 41 days.   In its brief, the State notes that Scharsch was released from prison on post-release control on January 8, 2014.   Because Scharsch has already been released from his term of imprisonment in this case, it is too late to provide him with any effective remedy with respect to the trial court's disapproval of shock probation or intensive program prison.

## VII.   Conclusion

{¶ 22}   We have performed our duty, under *Anders*, of independent review of the record. We find no potential assignments of error having arguable merit.   Therefore, the judgment of the trial court is Affirmed.

. . . . . . . . . . . . .

HALL and WELBAUM, JJ., concur.

Copies mailed to:

Kevin S. Talebi
Jennifer E. Geller
Matthew J. Pierron
Derek Scharsch
Hon. Nick A. Selvaggio