[Cite as *State v. Brown*, 2014-Ohio-2301.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CHAMPAIGN   COUNTY

STATE OF OHIO                                          :
                                                                 :         Appellate Case No. 2013-CA-13
          Plaintiff-Appellee                           :
                                                                 :         Trial Court Case No. 2010-CR-07
v.                                                               :
                                                                 :
LARRY C. BROWN, JR.                            :         (Criminal Appeal from
                                                                 :          Common Pleas Court)
          Defendant-Appellant                      :
                                                                 :

. . . . . . . . . . .

O P I N I O N

Rendered on the 30th day of May, 2014.

. . . . . . . . . . .

KEVIN S. TALEBI, Atty. Reg. #0069198, by JANE A. NAPIER, Atty. Reg. #0061426, Champaign County Prosecutor's Office, 200 North Main Street, Urbana, Ohio 43078
          Attorneys for Plaintiff-Appellee

MARSHALL G. LACHMAN, Atty. Reg. #0076791, 75 North Pioneer Boulevard, Springboro, Ohio 45066
          Attorney for Defendant-Appellant

. . . . . . . . . . . . .

FAIN, J.

{¶ 1}   Defendant-appellant Larry C. Brown, Jr. appeals from his conviction and sentence for violating the terms of his community control while he was on judicial release.

Brown contends that the trial judge, who was formerly the prosecutor involved in his criminal case, was biased and prejudiced against Brown. Also, Brown contends that his trial counsel provided ineffective assistance by failing to raise the issue of the trial judge's bias and prejudice. Finally, Brown contends that the four-year prison sentence imposed by the trial court is contrary to law, because it exceeds the three-year maximum sentence for third-degree felonies that became effective in September 2011.

{¶ 2}     We conclude that Brown forfeited the issue of the trial court's alleged bias and prejudice when he failed to seek disqualification of the trial judge through an affidavit of bias or prejudice pursuant to R.C. 2701.03. We conclude that Brown has failed to demonstrate that he received ineffective assistance of trial counsel. We also conclude that Brown's sentence is not contrary to law. Accordingly, the judgment of the trial court is Affirmed.

**I. After Brown Successfully Moved for Judicial Release, He Violated His Community**

**Control and the Trial Court Reimposed Brown's Original Sentence**

{¶ 3}     In January 2010, a Champaign County Grand Jury indicted Larry C. Brown, Jr. on one count of Improper Handling of Firearms in a Motor Vehicle, a fourth-degree felony in violation of R.C. 2923.16(A)(1); one count of Shooting at Wild Animal Along a Roadway, a fourth-degree misdemeanor in violation of R.C. 1531.02; one count of Hunting by the Aid/Use of a Motor Vehicle Conveyance, a fourth-degree misdemeanor in violation of R.C. 1531.02; one count of Having Weapons While Under Disability, a third-degree felony in violation of R.C. 2923.13; and one count of Possession of Marijuana, a minor misdemeanor in violation of R.C. 2925.11(A). The State subsequently dismissed the one count of Possession of Marijuana.

{¶ 4}    A jury found Brown not guilty of the Improper Handling of Firearms in a Motor Vehicle count and guilty on the remaining three counts.  Brown was sentenced to thirty days in jail on each of the fourth-degree misdemeanor counts and to four years in prison on the third-degree felony count, Having Weapons While Under Disability.  The trial court made the two 30-day sentences consecutive to each other and concurrent with the four-year prison term.  The trial court also fined Brown a total of $500 and suspended his hunting license for a period of three years.  The trial court then ordered Brown to be on post-release control for three years following his release from prison, noting that a post-release control violation could result in prison or jail time for up to one-half of the original sentence.  Brown did not appeal from his judgment of conviction and sentence.

{¶ 5}    In May 2011, Brown moved for Judicial Release from prison.  The trial court granted Brown's motion, releasing him from prison on September 30, 2011.  As part of the judicial release, the trial court placed Brown on community control for three years and noted that if Brown's community control was subsequently revoked, then Brown would be sentenced to four years on the count of Having Weapons While Under Disability and thirty days on each of the remaining two counts.  The trial court also stated that upon release from prison Brown would be on post-release control for three years and if Brown were to violate post-release control, the violation would result in prison or jail time for up to one-half of the original sentence.  As part of his judicial release from prison, Brown agreed not to consume alcohol and to pay $50 per month to the Champaign County Clerk of Court.

{¶ 6}    In October 2012, the trial court held a probable cause and merits hearing on allegations that Brown had violated his community control.  The trial court found Brown guilty of a community control violation, based on evidence that Brown had operated a motor vehicle

while under the influence of alcohol and had failed to pay monies due in his criminal case. The trial court returned Brown to community control with the previously outlined conditions, adding a condition that Brown may not drive a motor vehicle. The trial court also ordered Brown to successfully complete the residential program at West Central Community Based Correctional Facility. Once again, the trial court noted that if Brown were to violate his community control conditions, a four-year sentence would be imposed on his Having Weapons While Under Disability conviction and thirty-day sentences would be imposed on each of his remaining two convictions.

{¶ 7}   In March 2013, a hearing was held on further alleged violations of Brown's community control. Based on the evidence before it, the trial court found that Brown had violated his community control in February 2013, when he was unsuccessfully discharged from the residential program at West Central Community Based Correctional Facility. The trial court then revoked Brown's community control sanctions and imposed the following terms of imprisonment:   four years in prison on the one count of Having Weapons While Under Disability and thirty days in jail on each of the remaining two counts. The trial court ran all sentences concurrent to one another and noted a total jail-time credit of 570 days. The trial court also ordered that Brown would be subject to post-release control for three years after his release from prison.

{¶ 8}   From his community control violation finding and sentence, Brown appeals.

## II. Brown Failed to File an Affidavit of Bias or Prejudice
## with the Supreme Court of Ohio

**{¶ 9}** Brown's First Assignment of Error states:

THE TRIAL COURT FAILED TO ACT IMPARTIALLY AND UNBIASED WHEN IT REVOKED THE APPELLANT'S COMMUNITY CONTROL SANCTIONS AND SENTENCED THE APPELLANT TO FOUR YEARS IN PRISON.

**{¶ 10}** In this assignment of error, Brown contends that "[i]t is plain and clear that it was impossible for the trial court judge in March 2013, who was the same individual who sat as the prosecuting attorney against this Defendant just five months earlier, to not harbor a hostile feeling or ill will toward the Defendant." Brief, p. 6-7. In his brief, Brown also cites Canon 3 of the Code of Judicial Conduct and defines "[t]he term 'bias or prejudice.'" Brief, p. 6.

**{¶ 11}** In essence, Brown contends that the trial judge should have been disqualified from determining whether Brown violated his community control due to the fact that the trial judge had formerly been the prosecutor in Brown's criminal case.[1] Brown did not raise this issue while the case was pending in the trial court. Brown's remedy for a claim of judicial bias and prejudice based upon facts known to him before trial was to seek to disqualify the trial judge by means of an affidavit of bias or prejudice filed with the Supreme Court of Ohio pursuant to R.C. 2701.03. This affidavit should have been filed prior to the hearing on Brown's alleged community control violations, at which the trial judge made factual findings against Brown. *State v. Scharsch*, 2d Dist. Champaign No. 2013-CA-38, 2014-Ohio-1756, ¶ 9, citing *In re Disqualification of Pepple*, 47 Ohio St.3d 606, 607, 546 N.E.2d 1298 (1989).

---

[1] We find nothing in the record, beyond the fact that the trial judge had earlier been the prosecutor in this case, to suggest that the trial judge was, in fact, biased and prejudiced against Brown.

**{¶ 12}** By not filing an affidavit of bias before trial, Brown elected to be tried by the trial judge assigned to his case. In fairness to the State, he should not be allowed to seek a favorable outcome from that trial judge while retaining the ability to raise the bias and prejudice issue in the event of an unfavorable outcome.

**{¶ 13}** Brown's First Assignment of Error is overruled.

### III. Brown Has Failed to Demonstrate Ineffective Assistance of Trial Counsel

**{¶ 14}** Brown's Second Assignment of Error states:

APPELLANT WAS DENIED HIS CONSTITUTIONALLY GUARANTEED RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL WHEN TRIAL COUNSEL FAILED TO REQUEST THAT THE TRIAL COURT JUDGE RECUSE HIMSELF DUE TO HIS PRIOR INVOLVEMENT IN THE CASE AS PROSECUTOR.

**{¶ 15}** A claim of ineffective assistance of trial counsel requires both a showing that trial counsel's representation fell below an objective standard of reasonableness, and that the defendant was prejudiced as a result. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). A reviewing court "must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. The prejudice prong requires a finding that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different, with a reasonable probability being "a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

*See also State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989).

{¶ 16}  Brown contends that his trial counsel's failure to raise an obvious issue of bias and prejudice clearly fell below any objective standard of reasonableness and "there is simply no way to know how the revocation hearing would have come out had the trial court judge properly recused himself after such a request from defense counsel and the matter had been tried to an unbiased and impartial judge."   Brief, p. 7-8.

{¶ 17}  Brown's claim of ineffective assistance of counsel fails for at least two reasons. First, Brown concedes in his brief that there is no way of knowing how his revocation hearing would have turned out if the trial court judge had recused himself.   In short, Brown concedes that he cannot show "that there is a reasonable probability that, but for   counsel's unprofessional errors, the result of the proceeding would have been different."   *Strickland* at 694.   Indeed, the record before us supports the findings made by the trial court and supports a revocation of Brown's community control.   Therefore, we have no basis in this record for concluding that there is a reasonable probability that the result of the proceeding would have been different if another judge had presided over this case.

{¶ 18}  Second, we conclude that it could have been trial strategy on the part of trial counsel to not seek disqualification of the particular trial judge in this case, if trial counsel had reason to believe that this particular judge would be more familiar with the facts and more lenient than another judge.   Consequently, based on our review of the record before us, we conclude that Brown has failed to demonstrate that his trial counsel provided ineffective assistance.

{¶ 19}  Brown's Second Assignment of Error is overruled.

### IV. The Trial Court's Reimposition of Brown's

### Sentence Is Not Contrary to Law

{¶ 20}   Brown's Third Assignment of Error states:

THE TRIAL COURT VIOLATED THE MANDATES OF OHIO LAW WHEN SENTENCING APPELLANT TO FOUR YEARS IN PRISON UPON ITS FINDING THAT APPELLANT VIOLATED THE TERMS OF HIS COMMUNITY CONTROL.

{¶ 21}   In July 2010, Brown was sentenced to four years in prison on his third-degree felony of Having Weapons While Under Disability.   Amendments to Ohio's sentencing statutes were made effective on September 30, 2011 by 2011 House Bill 86 (H.B. 86).   Pursuant to these amendments, a prison sentence for a third-degree felony of Having Weapons While Under Disability was limited to no more than three years.

{¶ 22}   The General Assembly expressly provided in Section 4 of H.B. 86 when the amendments were to be applicable:   "The amendments * * * apply to a person who commits an offense specified or penalized under those sections on or after the effective date of this section and to a person to whom division (B) of section 1.58(B) of the Revised Code makes the amendments applicable."   R.C. 1.58(B) identifies which law to apply when a statute is amended after the commission of a crime, but before sentence is imposed:   "If the penalty, forfeiture, or punishment for any offense is reduced by a reenactment or amendment of a statute, the penalty, forfeiture, or punishment, if not already imposed, shall be imposed according to the statute as amended."

{¶ 23} The key phrase in R.C. 1.58(B) is "if not already imposed." There is no question in this case that Brown's four-year sentence was first imposed in July 2010, prior to the effective date of H.B. 86. Brown then moved for judicial release, which was granted. The judicial release statute, R.C. 2929.20, provides, in part:

(K) *If the court grants a motion for judicial release under this section, the court shall order the release of the eligible offender*, shall place the eligible offender under an appropriate community control sanction, under appropriate conditions, and under the supervision of the department of probation serving the court *and shall reserve the right to reimpose the sentence that it reduced if the offender violates the sanction.* If the court reimposes the reduced sentence, it may do so either concurrently with, or consecutive to, any new sentence imposed upon the eligible offender as a result of the violation that is a new offense. The period of community control shall be no longer than five years. The court, in its discretion, may reduce the period of community control by the amount of time the eligible offender spent in jail or prison for the offense and in prison. * * * (Emphasis added.)

{¶ 24} After receiving judicial release, Brown was found to have violated the terms of his community control. As a result, the trial court, pursuant to R.C. 2929.20, "reimposed" Brown's sentence in March 2013. While it is true that this reimposition of Brown's sentence occurred after the effective date of H.B. 86, we conclude that Brown is not entitled to the reduced penalties in the amended version of R.C. 2929.14. A reimposition of an original sentence under which a defendant has served some time in prison and then been granted judicial release is different from a sentence that is "not already imposed." R.C. 1.58(B). Because we have

concluded that Brown is not entitled to the reduced penalties set forth in H.B. 86, we conclude that the trial court's sentence is not contrary to law.

{¶ 25}   Brown's Third Assignment of Error is overruled.

## V. Conclusion

{¶ 26}   All of Brown's assignments of error having been overruled, the judgment of the trial court is Affirmed.

. . . . . . . . . . . . .

FROELICH, P.J., and WELBAUM, J., concur.

Copies mailed to:

Kevin S. Talebi
Jane A. Napier
Marshall G. Lachman
Hon. Nick A. Selvaggio