[Cite as *State v. Louden*, 2014-Ohio-3059.]

IN THE COURT OF APPEALS FOR CHAMPAIGN COUNTY, OHIO

STATE OF OHIO                          :

    Plaintiff-Appellee                 :          C.A. CASE NO.    2013 CA 30
                                               2013 CA 31

v.                                     :

                                          T.C. NO.   12CR 53

JOSHUA A. LOUDEN                        :                            13CR173

    Defendant-Appellant                :          (Criminal appeal from
                                          Common Pleas Court)

                                                       :

                                                       :

. . . . . . . . . .

# **O P I N I O N**

Rendered on the ____11th____ day of ____July____, 2014.

. . . . . . . . . .

WESLEY E. SOMOGY, Atty. Reg. No.0089037, Assistant Prosecuting Attorney, 200 N. Main Street, Urbana, Ohio 43078
    Attorney for Plaintiff-Appellee

CHRIS BECK, Atty. Reg. No. 0018477, 1370 N. Fairfield Rd., Suite C, Beavercreek, Ohio 45324
    Attorney for Defendant-Appellant

. . . . . . . . . .

DONOVAN, J.

{¶ 1} Defendant-appellant Joshua A. Louden appeals his conviction and sentence for violating the terms of his community control in Champaign County Court of Common Pleas Case No. 2012-CR-53, after he was charged with, and subsequently pled guilty to, drug possession in a separate Case No. 2013-CR-173. Louden filed a timely notice of appeal with this Court on July 22, 2013.

{¶ 2} In May of 2012, Louden pled guilty in Case No. 2012-CR-53 to two counts of breaking and entering, in violation of R.C. 2911.11(A)(C), both felonies of the fifth degree. The trial court placed Louden on three years of community control on each count, the supervision orders to run concurrently. The trial court also ordered Louden to pay restitution to the victim in the amount of $1,075.00. We note that Attorney Nick A. Selvaggio was the original prosecuting attorney for the State of Ohio in Case No 2012-CR-53 and was present at all initial hearings.

{¶ 3} On January 1, 2013, prosecuting attorney Selvaggio became judge of the Champaign County Court of Common Pleas. On April 13, 2013, Louden appeared before Magistrate Shockling in Champaign County for a violation of his community control in Case No. 2012-CR-53, and a hearing was scheduled before Judge Selvaggio. Louden did not object to Judge Selvaggio presiding at the hearing. On May 22, 2013, Judge Selvaggio continued Louden on community control with the added condition that he successfully complete residential treatment at the West Central Community Based Correctional Facility. Louden was ordered to report to the Tri-County Regional Jail on May 24, 2013, pending admission into West Central. On May 27, 2013, while incarcerated at Tri-County, Louden was found to be illegally in possession of Suboxone, a prescription narcotic.

{¶ 4} As a result of being found in possession of Suboxone at Tri-County, Louden

was indicted on one count of drug possession, in violation of R.C. 2925.11(A)(C)(2)(a), a felony of the fifth degree in Case No. 2013-CR-173. On June 26, 2013, a community control disposition/plea hearing was held in front of Judge Selvaggio. Once again, Louden did not object to Judge Selvaggio presiding over the hearing. At the hearing, Louden admitted to violating the terms of his community control in Case No. 2012-CR-53. In Case No. 2013-CR-173, Louden pled guilty to the charged offense.

{¶ 5} Judge Selvaggio revoked Louden's community control in Case No. 2012-CR-53 and sentenced him to twelve months in prison and ordered him to pay all court-appointed legal fees, court costs, and unpaid restitution. In Case No 2013-CR-173, Judge Selvaggio sentenced Louden to twelve months in prison and ordered that the sentences in both cases be served consecutively for an aggregate term of two years imprisonment.

{¶ 6} It is from this judgment that Louden now appeals.

{¶ 7} Louden's first assignment of error is as follows:

{¶ 8} "APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION AND ARTICLE I, SECTION OF THE OHIO CONSTITUTION."

{¶ 9} In his first assignment, Louden contends that his trial counsel provided ineffective assistance by failing to file an affidavit to disqualify Judge Selvaggio from presiding over his second community control revocation hearing held on June 26, 2013. Specifically, Louden argues that he was unable to receive a fair and impartial hearing

because of Judge Selvaggio's prior involvement as the prosecutor in Case No. 2012-CR-53.

{¶ 10} A claim of ineffective assistance of trial counsel requires both a showing that trial counsel's representation fell below an objective standard of reasonableness, and that the defendant was prejudiced as a result. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). A reviewing court "must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. The prejudice prong requires a finding that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different, with a reasonable probability being "a probability sufficient to undermine confidence in the outcome." *Id.* at 694; *see also State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989).

{¶ 11} Upon review, we conclude that Louden's claim that he was unable to receive a fair hearing because of Judge Selvaggio's prior involvement as prosecutor in Case No. 2012-CR-53 lacks merit. Other than conjecture, Louden can point to no facts in the record which support his argument that he was prejudiced by his counsel's failure to file an affidavit to disqualify Judge Selvaggio from presiding over the second revocation hearing.

{¶ 12} "In the absence of extraordinary circumstances, an affidavit of disqualification should not be used to disqualify a judge after lengthy proceedings have taken place in the case." *In re Disqualification of Light*, 36 Ohio St.3d 604, 522 N.E.2d 458 (1988). "To prevail on an affidavit of disqualification, an affiant must demonstrate clearly the existence of bias, prejudice, or other disqualifying interest that requires a judge's removal." *In re Disqualification of Synenberg*, 127 Ohio St. 3d 1220, 2009-Ohio-7206, 937

N.E.2d 1011, ¶ 18; citing *In re Disqualification of Crow*, 91 Ohio St.3d 1209, 741 N.E.2d 137 (2000). "A judge is presumed to follow the law and not to be biased, and the appearance of bias or prejudice must be compelling to overcome these presumptions." *In re Disqualification of George*, 100 Ohio St. 3d 1241, 2003-Ohio-5489, 798 N.E.2d 23, ¶ 5; *In re Disqualification of Olivito*, 74 Ohio St.3d 1261, 657 N.E.2d 136 (1994).

{¶ 13} As evidence of bias, Louden points out that Judge Selvaggio denied a request for a continuance of the sentencing hearing for the preparation of a new pre-sentence investigation report in Case No. 2013-CR-173. Louden also argues that Judge Selvaggio was biased against him based on the imposition of consecutive sentences. These arguments are unpersuasive. First, the revocation was based upon a new offense to which Louden pled guilty. The new conviction, standing alone, is a basis to revoke. Furthermore, Louden was on community control at the time of the newest offense, and the trial court had the benefit of an earlier pre-sentence report. It is mere speculation, therefore, that Louden's sentence would have been more favorable if Judge Selvaggio had been disqualified as the sentencing judge.

{¶ 14} It is undisputed that Louden violated the terms of his community control twice. Significantly, Judge Selvaggio did not revoke Louden's community control the first time he violated his supervision in Case No. 20-12-CR-53, but merely added a condition that he attend a treatment program at a residential facility. It is apparent that Judge Selvaggio initially attempted to assist Louden in his rehabilitation rather than simply sending him to prison. It was only after Louden's second violation which occurred a mere five days after

his first revocation hearing that Judge Selvaggio imposed consecutive one-year prison terms. The record contains no evidence of bias and prejudice on the part of Judge Selvaggio. Louden has presented no evidence which overcomes the presumption that Judge Selvaggio correctly followed the law. The record before us supports the findings made by the trial court and supports a revocation of Louden's community control. The facts before Judge Selvaggio also provided a clear basis upon which to impose consecutive sentences. After properly considering all relevant statutory provisions and applying them to the facts in the instant case, the judge found that consecutive sentences were warranted. Accordingly, we have no basis in this record for concluding that there is a reasonable probability that the result of the proceeding would have been different if another judge had presided over this case.

{¶ 15}   Additionally, we find that it could have been trial strategy on the part of trial counsel to not seek disqualification of the judge in this case, if trial counsel had reason to believe that this particular judge would be more familiar with the facts and more lenient than another judge. *State v. Brown*, 2d Dist. Champaign No. 2013-CA-13, 2014-Ohio-2301, ¶ 18. An appellant is not deprived of effective assistance of counsel when counsel chooses, for strategic reasons, not to pursue every possible trial tactic. *State v. Brown*, 38 Ohio St.3d 305, 319, 528 N.E.2d 523 (1988). A reviewing court may not second-guess decisions of counsel which can be considered matters of trial strategy. *State v. Smith*, 17 Ohio St.3d 98, 477 N.E.2d 1128 (1985). Debatable strategic and tactical decisions may not form the basis of a claim for ineffective assistance of counsel, even if, in hindsight, it looks as if a better strategy had been available. *State v. Cook*, 65 Ohio St.3d 516, 524, 605 N.E.2d 70 (1992).

Thus, based on our review of the record before us, we conclude that Louden has failed to demonstrate that his trial counsel provided ineffective assistance.

{¶ 16} Louden's first assignment of error is overruled.

{¶ 17} Louden's second assignment of error is as follows:

{¶ 18} "APPELLANT WAS DENIED HIS RIGHT TO A FAIR AND IMPARTIAL TRIER OF FACT [IN] VIOLATION OF [THE] SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION."

{¶ 19} In his second assignment, Louden argues that Judge Selvaggio should have been disqualified from determining whether he violated his community control due to the fact that the trial judge had formerly been the prosecutor in Case No. 2012-CR-53.

{¶ 20} As previously noted, Louden did not raise the issue of Judge Selvaggio's disqualification while the case was pending in the trial court. Louden's remedy for a claim of judicial bias and prejudice based upon facts known to him before trial was to seek to disqualify the trial judge by means of an affidavit of bias or prejudice filed with the Supreme Court of Ohio pursuant to R.C. 2701.03. *Brown*, 2d Dist. Champaign No. 2013-CA-13, 2014-Ohio-2301, at ¶ 11. This affidavit should have been filed prior to the hearing on Louden's alleged community control violations, at which the trial judge made factual findings against Louden. *State v. Scharsch*, 2d Dist. Champaign No. 2013-CA-38, 2014-Ohio-1756, ¶ 9, citing *In re Disqualification of Pepple*, 47 Ohio St.3d 606, 607, 546 N.E.2d 1298 (1989).

{¶ 21} By not filing an affidavit of disqualification before the second revocation

hearing, Louden acquiesced to Judge Selvaggio presiding over the hearing. "In fairness to the State, he should not be allowed to seek a favorable outcome from that trial judge while retaining the ability to raise the bias and prejudice issue in the event of an unfavorable outcome." *Brown*, 2d Dist. Champaign No. 2013-CA-13, 2014-Ohio-2301, at ¶ 12.

{¶ 22} Louden's second assignment of error is overruled.

{¶ 23} Louden's third and final assignment of error is as follows:

{¶ 24} "[THE] TRIAL COURT ERRORED [sic] WHEN IT ORDERED APPELLANT TO PAY ATTORNEY FEES AFTER HE WAS FOUND TO BE INDIGENT AND QUALIFIED TO RECEIVE A PUBLIC DEFENDER."

{¶ 25} In his final assignment, Louden argues that the trial court erred when it ordered him to pay all court-appointed legal fees after he was initially found to be indigent. Louden also asserts that the trial court failed to make the appropriate findings regarding his ability to repay his legal fees.

{¶ 26} R.C. 2941.51(A) provides in pertinent part:

[C]ounsel . . . appointed by the court . . . shall be paid for their services by the county . . . [and] request for payment shall be accompanied by a financial disclosure form and an affidavit of indigency that are completed by the indigent person on forms prescribed by the state public defender.

{¶ 27} Additionally, R.C. 2941.51(D) states in pertinent part:

[I]f the person represented has, or reasonably may be expected to have, the means to meet some part of the cost of the services rendered to the

person, the person shall pay the county an amount that the person reasonably

can be expected to pay.

See *State v. Myers,* 2d Dist. Champaign No. 2011-CA-36, 2012–Ohio–5917, at ¶14.

{¶ **28**} In *State v. Breneman*, 2d Dist. Champaign No. 2013 CA 15, 2014-Ohio-1102, ¶ 5, we recently stated the following:

> *** R.C. 2941.51(D), upon which the State relies in its brief, does not
>
> permit the recoupment of legal costs in the manner employed by the trial
>
> court.    R.C. 2941.51(D) does allow a county to seek reimbursement of
>
> court-appointed counsel fees if a defendant has the means to pay for some or
>
> all of the costs of services provided to him, but we have held that the right of
>
> action it confers "must be prosecuted in a civil action." [*State v.*] *Miller* [, 2d
>
> Dist. Clark No. 08CA0090, 2010-Ohio-4760] at ¶ 61, citing *State v.*
>
> *Crenshaw*, 145 Ohio App.3d 86, 761 N.E.2d 1121 (8th Dist.2001);  *State v.*
>
> *Hill*, 2d Dist. Clark No. 04CA0047, 2005-Ohio-3877, ¶ 6.   The statute
>
> specifically states that "fees and expenses approved by the court under this
>
> section shall not be taxed as part of the costs * * *."   R.C. 2941.51(D).

{¶ **29**}  In light of the language of R.C. 2941.51(D) and our cases interpreting that provision, the trial court erred in ordering Louden to pay for his legal representation as costs. Because we have held that such compensation must be pursued in a separate civil action, this portion of Louden's sentence is vacated.

{¶ **30**}  Louden's third and final assignment of error is sustained.

{¶ **31**}  The portion of the trial court's judgment that requires Louden to pay legal

fees as costs will be vacated. In all other respects, the judgment of the trial court is affirmed.

. . . . . . . . . .

FAIN, J. and WELBAUM, J., concur.

Copies mailed to:

Wesley E. Somogy
Chris Beck
Hon. Nick A. Selvaggio