[Cite as *State v. Cook*, 2014-Ohio-3165.]

IN THE COURT OF APPEALS FOR CHAMPAIGN COUNTY, OHIO

STATE OF OHIO                    :

      Plaintiff-Appellee          :          C.A. CASE NO.    2013 CA 22

v.                             :          T.C. NO.    07CR107

JERRY H. COOK              :         (Criminal appeal from
                                      Common Pleas Court)

      Defendant-Appellant      :

                                :

. . . . . . . . . .

**O P I N I O N**

Rendered on the     18th     day of     July    , 2014.

. . . . . . . . . .

JANE A. NAPIER, Atty. Reg. No. 0061426, Assistant Prosecuting Attorney, 200 N. Main Street, Urbana, Ohio 43078
      Attorney for Plaintiff-Appellee

SEAN J. VALLONE, Atty. Reg. No. 0064053, 5 Irongate Park Drive, Suite A, Centerville, Ohio 45459
      Attorney for Defendant-Appellant

. . . . . . . . . .

FROELICH, P.J.

    **{¶ 1}**    Jerry H. Cook appeals from a judgment of the Champaign County Court of

Common Pleas which, after a hearing, revoked his community control and ordered him to serve an aggregate term of 18 months in prison for burglary and assault. Cook raises two assignments of error, both of which focus on that fact that the trial judge for his revocation hearing was formerly a prosecutor on his case. For the following reasons, the trial court's judgment will be affirmed.

{¶ 2} In May 2007, Cook was indicted on aggravated burglary, a first-degree felony, and three first-degree misdemeanors: assault, theft, and aggravated menacing. Cook was arrested on the charges in January 2008, and an arraignment hearing occurred on January 28, 2008. Then-County Prosecutor Nick Selvaggio appeared for the State and indicated that he would serve as trial counsel. A second arraignment hearing, with defense counsel, was held on February 6, 2008; Assistant Prosecutor Richard Houghton appeared for the State at that hearing.

{¶ 3} On March 10, 2008, the court conducted a final pretrial conference. Selvaggio indicated at that hearing that the case had been assigned to Assistant Prosecutor Shockling, but that he (Selvaggio) "took it over." Due to delayed discovery, Selvaggio requested that the final pretrial conference be continued. Selvaggio appeared for the State at the second final pretrial conference on March 20. On May 28, 2008, another pretrial conference was held, at which time Cook appeared with new counsel; Assistant Prosecutor Houghton appeared for the State.

{¶ 4} On June 28, 2008, Cook pled guilty to burglary, a fourth-degree felony, and assault. In exchange for the plea, the theft and aggravated menacing charges were dismissed. The State, represented by Houghton, indicated that it agreed to recommend a

presentence investigation and that, if no currently unknown criminal history were revealed, the State would recommend community control. A presentence investigation was conducted. On August 4, 2008, the trial court sentenced Cook to three years of community control for the burglary. As for the assault, the court imposed six months in jail, all of which was suspended. The court imposed "concurrent" fines of $200 for each offense. Houghton again represented the State at the sentencing hearing.

{¶ 5} On June 2, 2010, Cook was brought before the trial court and notified that the probation department was charging him with violating his community control sanctions. The court indicated that counsel would be appointed, and continued the hearing until June 10. On June 10, Cook stipulated to the existence of probable cause, but indicated that he would like to contest the merits of the alleged violations. The court scheduled a hearing for June 15. Houghton appeared for the State at both the June 2 and June 10, 2010 hearings.

{¶ 6} Selvaggio represented the State at the June 15, 2010 revocation hearing. The State presented the testimony of Cook's probation officer and argued that Cook's community control should be revoked. The court, however, continued Cook on community control, with additional requirements, including that Cook be placed on house arrest at his brother-in-law's home pending admittance to a residential treatment program. The trial court informed Cook that, if he violated community control, he faced 18 months in prison for the burglary and six months in jail for the assault, to be served concurrently.

{¶ 7} In 2012, Selvaggio was elected to the Champaign County Court of Common Pleas, General Division, upon the retirement of the original trial judge. Selvaggio's term was effective January 1, 2013.

{¶ 8}   In April 2013, Cook was brought before the trial court on allegations that he had violated his community control by failing to keep his probation officer apprised of his residence since June 28, 2010, and by testing positive for marijuana.   A revocation hearing was held before Judge Selvaggio on May 9, 2013; Cook did not object to Judge Selvaggio's presiding over the hearing.

{¶ 9}   Cook's probation officer testified at the revocation hearing that Cook had been at large since shortly after the June 15, 2010 revocation hearing and that, upon Cook's apprehension, he provided a urine sample that tested positive for marijuana.   Cook testified that his brother-in-law's home was an "unhealthy" environment, that he tried to contact his parole officers and the adult parole authority but was "super confused," and he eventually got married and "continued on with my life."   Cook testified that he smokes marijuana to self-medicate for various medical conditions.   The trial court revoked Cook's community control and sentenced him to an aggregate term of 18 months in prison.

{¶ 10}   Cook appeals from the trial court's judgment.

{¶ 11}   Cook's first assignment of error states: "The Trial Judge erred by not recusing himself from the proceeding pursuant to The Ohio Code of Judicial Conduct."

{¶ 12}   Cook claims that Judge Selvaggio, the trial judge at the 2013 revocation hearing, should have recused himself, because he personally participated in the prosecution of Cook while the county prosecutor.   Cook cites to the Ohio Code of Judicial Conduct, Rule 2.11, which provides, in part:

(A)   A judge shall disqualify himself or herself in any proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to the following circumstances:   * * *

(7) The judge meets any of the following criteria:

(a) The judge served as a lawyer in the matter in controversy or was associated with a lawyer who participated substantially as a lawyer in the matter during such association;

*(b) The judge served in governmental employment, and in such capacity participated personally and substantially as a lawyer or public official concerning the particular matter, or has publicly expressed in such capacity an opinion concerning the merits of the particular matter in controversy;*

(c) The judge was a material witness concerning the matter;

(d) The judge previously presided as a judge over the matter in another court.

(Emphasis added.)  Cook emphasizes that Judge Selvaggio, while the county prosecutor, appeared for State as trial counsel during Cook's 2010 revocation hearing and personally advocated for the revocation of Cook's community control at that time.

{¶ 13}  At the outset, "R.C. 2701.03 sets forth the procedures for seeking disqualification of a common pleas court judge for prejudice.  Under that statute, a party may file an affidavit of disqualification with the clerk of the supreme court.  The Chief Justice of the Supreme Court of Ohio or his designee determines whether the judge is biased or prejudiced.  *Callison v. DuPuy*, Miami App. No.2002 CA 52, 2003-Ohio-3032, ¶ 22, citing *Beer v. Griffith* (1978), 54 Ohio St.2d 440, 441, 377 N.E.2d 775 and Section 5(C), Article IV, Ohio Constitution.  This procedure provides 'the exclusive means by which a

litigant may claim that a common pleas judge is biased and prejudiced.' *Jones v. Billingham* (1995), 105 Ohio App.3d 8, 11, 663 N.E.2d 657."_ *State v. Galluzzo*, 2d Dist. Champaign No. 2004-CA-25, 2006-Ohio-309, ¶ 15; *Mathewson v. Mathewson*, 2d Dist. Greene No. 05-CA-35, 2007-Ohio-574, ¶ 36.   Cook did not seek the disqualification of the trial judge under R.C. 2701.03.   Accordingly, we have no authority to review the issue of the trial judge's alleged bias and prejudice.  *E.g.*, *State v. Osie*, Slip Opinion No. 2014-Ohio-2966, ¶ 62-65.

{¶ 14}   Even if we were to consider the issue, the Ohio Supreme Court has expressly stated that the failure to timely object to a trial judge's participation in a particular cause results in waiver of that objection.   The Supreme Court stated: "In the absence of extraordinary circumstances, an affidavit of disqualification should not be used to disqualify a judge after lengthy proceedings have taken place in the case.   A party may be said to have waived the right to obtain a judge's disqualification when the alleged basis therefor has been known to the party for some time, but the objection is raised in an untimely fashion, well after the judge has participated in the proceedings."  *In re Disqualification of Pepple*, 47 Ohio St.3d 606, 546 N.E.2d 1298 (1989).  *See also, e.g.*, *In re Disqualification of Spon*, 134 Ohio St.3d 1254, 2012-Ohio-6345, 984 N.E.2d 1069, ¶ 34 ("[I]t is well settled that an affidavit of disqualification must be filed as soon as possible after the affiant becomes aware of circumstances that support disqualification and that failure to do so may result in waiver of the objection.").

{¶ 15}   Moreover, we addressed and rejected arguments identical to Cook's under similar   facts in *State v. Brown*, 2d Dist. Champaign No. 2013-CA-13, 2014-Ohio-2301 and

*State v. Louden*, 2d Dist. Champaign Nos. 2013-CA-30 & 2013-CA-31, 2014-Ohio-3059. In both cases, we reasoned that the defendant waived his objection to the trial judge's presiding over his hearing by not filing an affidavit of disqualification, even though the judge had previously participated as a prosecutor in the same case. As we stated in *Brown*:

> Brown did not raise this issue while the case was pending in the trial court. Brown's remedy for a claim of judicial bias and prejudice based upon facts known to him before trial was to seek to disqualify the trial judge by means of an affidavit of bias or prejudice filed with the Supreme Court of Ohio pursuant to R.C. 2701.03. This affidavit should have been filed prior to the hearing on Brown's alleged community control violations, at which the trial judge made factual findings against Brown. *State v. Scharsch*, 2d Dist. Champaign No. 2013-CA-38, 2014-Ohio-1756, ¶ 9, citing *In re Disqualification of Pepple*, 47 Ohio St.3d 606, 607, 546 N.E.2d 1298 (1989).
>
> By not filing an affidavit of bias before trial, Brown elected to be tried by the trial judge assigned to his case. In fairness to the State, he should not be allowed to seek a favorable outcome from that trial judge while retaining the ability to raise the bias and prejudice issue in the event of an unfavorable outcome.

(Footnote omitted.) *Brown* at ¶ 11-12. *See also State v. Batty*, 4th Dist. Ross No. 13 CA 3398, 2014-Ohio-2826 (defendant waived argument that the trial judge, who had previously served as a prosecutor in the case, was not qualified to preside over the case by failing to object and by not filing an affidavit of prejudice with the Supreme Court of Ohio).

{¶ 16}   Cook does not argue on appeal that he was unaware that Judge Selvaggio had personally participated as a prosecutor in his criminal case, and the record reflects that he was.   Cook was present at the January 28, 2008 arraignment, the March 10, 2008 pretrial conference, and the June 15, 2010 community control violation hearing; Selvaggio appeared as the prosecutor for each of these hearings.   Cook had the same defense counsel for both the 2010 community control violation hearing, during which Selvaggio appeared as the prosecutor, and the 2013 community control violation, over which Selvaggio presided as judge.   Cook's dialogue with Judge Selvaggio during sentencing for the 2013 community control violation reflected Cook's awareness, at that time, that Judge Selvaggio had been a prosecutor on his case.   Despite his awareness, Cook did not, at any time, seek disqualification or recusal of the judge.   Instead, Cook elected to permit the trial court to conduct the 2013 revocation hearing, without objection.   Under these circumstances, Cook has waived any error in the trial court's participation in the revocation proceeding.

{¶ 17}   Cook's first assignment of error is overruled.

{¶ 18}   Cook's second assignment of error states: "Appellant was denied the effective assistance of counsel in violation of his rights under the 6th Amendment [to] the United States Constitution and Article 1, Section 10 of the Ohio Constitution."

{¶ 19}   To reverse a conviction based on ineffective assistance of counsel, an appellant must demonstrate both that trial counsel's conduct fell below an objective standard of reasonableness and that the errors were serious enough to create a reasonable probability that, but for the errors, the result of the trial would have been different.   *Strickland v. Washington*, 466 U.S. 668, 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42

Ohio St.3d 136, 538 N.E.2d 373 (1989). Trial counsel is entitled to a strong presumption that his or her conduct falls within the wide range of reasonable assistance. *Strickland*, 466 U.S. at 688. Hindsight is not permitted to distort the assessment of what was reasonable in light of counsel's perspective at the time, and a debatable decision concerning trial strategy cannot form the basis of a finding of ineffective assistance of counsel. *State v. Cook*, 65 Ohio St.3d 516, 524-525, 605 N.E.2d 70 (1992); *State v. Rucker*, 2d Dist. Montgomery No. 24340, 2012-Ohio-4860, ¶ 58.

{¶ 20} Cook claims that his trial counsel acted deficiently for two reasons. First, he argues that his counsel was ineffective for failing to challenge Judge Selvaggio's presiding over the 2013 revocation hearing. Second, he asserts that his trial counsel should have requested a competency evaluation and/or entered a not guilty by reason of insanity (NGRI) plea.

{¶ 21} With respect to the trial court's presiding over the 2013 revocation hearing, there is no indication in the record that the outcome of the hearing would have been different had the trial judge recused himself and another judge presided over the hearing. The facts presented at the hearing – notably that Cook violated his house arrest shortly after the first (2010) revocation hearing, Cook had previously absconded, his whereabouts were unknown for approximately three years, and he continued to use marijuana – supported the trial court's conclusion that he was not amenable to community control. In addition, as we stated in *Brown*, "it could have been trial strategy on the part of trial counsel to not seek disqualification of the particular trial judge in this case, if trial counsel had reason to believe that this particular judge would be more familiar with the facts and more lenient than another

judge." *Brown* at ¶ 18.

**{¶ 22}** In addition, we find no support in the record that Cook was incompetent or satisfied the criteria for a NGRI plea. Cook's discussions with the trial court reflect that he may have low cognitive abilities and that he needed some guidance and support to live independently. During sentencing on the community control violations in 2013, Cook indicated that he did not understand some of the legal terms and notifications that the court provided. However, the court was able to clarify those matters using simpler terms, and there is no indication that Cook was unable to understand the court proceedings and to assist with his defense.

**{¶ 23}** Cook's second assignment of error is overruled.

**{¶ 24}** The trial court's judgment will be affirmed.

. . . . . . . . . .

DONOVAN, J. and HALL, J., concur.

Copies mailed to:

Jane A. Napier
Sean J. Vallone
Hon. Nick A. Selvaggio